## WILLIAM WEIR V. THE STATE.

No. 20932. Delivered April 3, 1940.

The opinion states the case.

*Thos. J. Pitts,* of Odessa, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is burglary; the punishment assessed is confinement in the State penitentiary for a term of five years.

Appellant challenges the sufficiency of the evidence to warrant and sustain his conviction. The State offered four witnesses, viz Benton, Hill, Barfield and Summers. Mr. Benton testified that he was the assistant manager of the Model Shop, a dry goods store, located in Odessa in Ector County. That on Sunday night of June 4, 1939, some person broke into the store without his consent and permission and on Monday morning when he opened the store he found the cash register opened, the knob knocked off the vault door of the safe and the papers scattered over the floor. He further testified that he saw appellant on Monday, June 5th in Odessa at the Driller's Club. Mr. Hill testified that he investigated the burglary and discovered that the person who committed the crime entered the building by removing a glass from the skylight and descending into the building by means of a rope. He testified that he found

papers scattered over the floor and a piece of paper in front of the cash register, from which he was able to get a finger print. He turned this over to Mr. Barfield, a constable. Mr. Barfield testified that in addition to being constable in Odessa, he was a finger print expert and had been doing such work since 1933. That he took a course in finger print work and from his experience and training he was able to read and interpret finger prints. That he compared the finger prints found on the piece of paper by Mr. Hill with those of a number of suspects, including the appellant, and that the finger print on said piece of paper delivered to him by Mr. Hill corresponded with appellant's left index finger. On cross-examination he admitted that he had only once testified in a case relative to identification of finger prints. Mr. Summers testified that he was the owner of the burglarized premises. He also testified that he saw the *piece of paper on which appellant's finger print was found lying on top of the cash register before the burglary was committed.* Appellant did not testify but offered testimony to the effect that on or about the 2nd day of June and up to about the 25th day of said month, he was in Carlsbad, New Mexico. None of the property taken from the burglarized premises was found in the possession of the appellant.

It will be noted from the brief statement of the facts proved upon the trial that the State's case depended entirely upon circumstantial evidence. In fact, there was but one circumstance shown—that being appellant's finger print upon a piece of paper which was found on the floor below the cash register. This piece of paper had been observed lying on the cash register in the store by the owner before the burglary was ever committed. To sustain this conviction, we would be forced to lay down the rule that any person whose finger prints might be discovered on a slip of paper found on the burglarized premises was either the person who committed the burglary or was connected therewith; this would, of course, be contrary to the well-established rule that the circumstances relied on to establish the guilt of the accused in cases depending on circumstantial evidence must exclude every other reasonable hypothesis except that of the defendant's guilt. We do not think the evidence meets the requirement of the law.

In view of the disposition we are making of the case, we do not deem it necessary to discuss the other contentions advanced by appellant, as they may not arise again upon another trial.

Having reached the conclusion that the evidence is insuffi-

cient to sustain the conviction, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.