# MAY 20, 1942

## RAY BINGLE V. THE STATE.

No. 22020. Delivered March 18, 1942.
Rehearing Denied April 22, 1942.
Request for Leave to File Second Motion for Rehearing
Denied (Without Written Opinion) May 20, 1942.

The opinion states the case.

*A. C. Buckner* and *King C. Haynie,* both of Houston, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is an attempt to commit burglary. The punishment assessed is confinement in the State penitentiary for a term of two years.

The only question presented for review is the sufficiency of the evidence to support the judgment of conviction. The record shows that on the night of August 7, 1941, the appellant and Marcus Gunter were discovered in the rear of Myer Grenader's cafe by a city policeman. An investigation disclosed that the six window panes had been removed from a window and the panes stacked on the ground. The screen to the window had been pried loose in the lower right-hand corner. The officer arrested appellant and his companion and took charge of the window panes which were subsequently turned over to the fingerprint expert of the Police Department of the City of Houston. The finger-print expert testified that he compared the finger prints on the window pane with an enlarged print taken from the finger-print classified card of the defendant, Ray Bingle, and that the two were identical. See Grice v. State, 151 S. W. (2d) 211. Appellant did not testify or offer any affirmative defense.

We do not deem it necessary to enter upon an extended discussion of the question inasmuch as it is obvious that the evidence is ample to support the conviction.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

DAVIDSON, Judge.

In his motion for rehearing, appellant insists that the window panes upon which his fingerprints were found were not sufficiently identified as those that were taken from the building attempted to be burglarized, and that, therefore, the conviction could not be sustained on such testimony. Appellant made no objection to the witness' testifying that the fingerprints found upon the window panes examined by him corresponded to those of appellant's, and same was permitted to go before the jury, without objection. Any defect in the predicate authorizing the introduction of such testimony was thereby waived, and could not, by a complaint as to the sufficiency of the evidence to sustain the conviction, be raised, for the first time, after the trial.

Appellant insists that, the evidence not showing that the fingerprints found on the window panes were not there before the commission of the alleged offense, this brings his case within the rule announced in Giacona v. State, 62 S. W. (2d) 986; 124 Tex. Cr. R. 141, to the effect that such proof was required. The instant case is distinguishable from the Giacona case, supra. Here the appellant and his companion were arrested and taken into custody near the window which had recently been taken from the building, and from which window the panes had been removed and stacked on the ground. These facts are inconsistent with the theory that the fingerprints could have been placed on the window panes before they were removed.

As we said in Grice v. State, 151 S. W. (2d) 211:

"Our investigation leads us to conclude that where the evidence, as here, shows the finger print found at the scene of the crime was left there by the criminal at the time the crime

was committed, thereby excluding the hypothesis that it might have been placed there innocently prior to or subsequent to the commission of the crime, and the evidence further shows that said print is identical with known prints of accused, that such evidence satisfies the law and excludes every reasonable hypothesis save guilt of the accused."

Appellant's motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.