**W. T. WAGGONER ESTATE, Appellant,**

v.

**Wilmer GLEGHORN, Appellee.**

No. 3819.

Court of Civil Appeals of Texas.
Eastland.

Sept. 6, 1963.

Rehearing Denied Oct. 4, 1963.

Pruitt & Hughes, Vernon, I. O. Newton, Seymour, for appellant.

R. J. Balch, Seymour, for appellee.

GRISSOM, Chief Justice.

Wilmer Gleghorn owns 1600 acres of land surrounded by land of the W. T. Waggoner Estate. He has a recognized roadway from his house on the south portion of his 1600 acre tract across the Waggoner land to a public road on the south. He sued the Waggoner Estate to establish a right to a road from said public road across the Waggoner land to the north portion of his 1600 acre tract. The north and south portions of Gleghorn's land are separated by the Wichita River. Gleghorn also sought a road over the Waggoner land to 40 acres out of his southeast corner. The defendant moved its fences back, permitting a road to the 40 acres, in Gleghorn's southeast corner and the right to that road is not here in controversy. The only question presented here is the right of Gleghorn to a road across the Waggoner land to that portion of his land lying north of the Wichita River. In a trial to the court, judgment was rendered awarding Gleghorn such a road. The Waggoner Estate has appealed.

Appellant contends the court erred in awarding Gleghorn an easement by necessity across appellant's land to that portion of appellee's land lying north of the Wichita River because there was neither pleading nor proof that there was ever a unity of ownership of appellant's and appellee's land. We sustain the point presenting that contention. Waggoner excepted to Gleghorn's petition because it contained no allegation that there had ever been a unity of ownership of appellant's and appellee's property. The exceptions were sustained. Gleghorn amended, but in the pleading upon which he went to trial, as in all others, there was no such allegation. Likewise, there was no evidence that there had ever been a common ownership of said tracts of land. In Othen v. Rosier, 148 Tex. 485, 226 S.W.2d 622, 627, our Supreme Court held that such unity of ownership was a prerequisite to establishment of a way of necessity. In the more recent case of Duff v. Matthews, 158 Tex. 333, 311 S.W.2d 637, 641, our Supreme Court, speaking through Judge Griffin, said:

"In * * * Othen v. Rosier, * * *, this Court held there were three requisites for a way of necessity, to wit: (1) unity of ownership of the alleged dominant and servient estates; (2) that the roadway is a necessity, not a convenience; and (3) that the necessity existed at the time of the severance of the two estates."

He also said:

"This Court, in the recent case of Mitchell v. Castellaw, 1952, 151 Tex. 56, 246 S.W.2d 163, 168, discussed at some length the doctrines of 'strict' vs. 'reasonable' necessity, and the applicable authorities. In that case this Court held in unequivocal terms that Texas was committed to the doctrine of 'strict' necessity."

See also Neblett v. R. S. Sterling Investment Company, Tex.Civ.App., 233 S.W. 604, (Writ Ref.); Bains v. Parker, 143 Tex. 57, 182 S.W.2d 397, 399; Parker v. Bains, Tex.Civ.App., 194 S.W.2d 569, 575, (Ref. N.R.E.).

Gleghorn did not establish the prerequisites to establishment of a way of necessity to wit: (1) unity of ownership of the Waggoner and Gleghorn tracts of land; (2) that the roadway sought was a necessity, and (3) that such necessity existed at the time of severance of the two estates. Therefore, the judgment could not be supported by a finding of a way of necessity across appellant's land to appellee's land north of the Wichita River. But, appellee says the judgment is supported by Article 1377b of the Vernon's Ann. Penal Code. Appellee pleaded that statute as a basis for his claim to a right to the road in question. Said statute, which was House Bill 36, Chapter 42, page 164, 56th Legislature, second call session, became the law in 1959. It repealed Article 1377 P.C. The repealed article made it a misdemeanor to enter upon the enclosed land of another without his consent and hunt, fish, camp or depredate thereon. Article 1377b, Vernon's Ann. P.C. includes practically the same provisions. But, Section 2 of Article 1377b deals with the right to a route over "surrounding" land granted therein to a person who has a right to use the "surrounded" land. Subdivision (b) of Section 2 of Article 1377b provides that

"A person who claims the right to use land which is either wholly or partially surrounded by land owned by another person shall have the right to enter the surrounding land for purposes of ingress and egress to such land that is wholly or partially surrounded. Such person shall follow for purpose of ingress and egress to such land, a reasonable route designated by the owner, proprietor, lessee or person in charge of the surrounding land. Such person who claims a right to use land wholly or partially surrounded, shall furnish the owner, proprietor, lessee, or person in charge of the surrounding land, with a description of the location and boundaries of the land wholly or partially surrounded, and if requested by the owner, proprietor, lessee or person in charge of the surrounding land, shall go upon the wholly or partially surrounded land and point out the boundaries of such land so as to enable the owner, proprietor, lessee or person in charge of the surrounding land to designate a reasonable route for ingress and egress to such wholly surrounded or partially surrounded land. In the event the owner of the surrounded land shall not have a survey of his claim and should the owner of the surrounding land demand the boundaries of the surrounded land, then the expense of surveying the surrounded land shall be borne and paid by the owner of the surrounding land demanding the same.

"2. The owner, proprietor, lessee or person in charge of surrounding land shall designate a reasonable route for purposes of ingress and egress to land wholly or partially surrounded by such surrounding land within thirty (30) days after being notified in writing by the owner or surface lessee of the surrounded lands that such a route is needed, and if such route is not designated in writing within such thirty (30) days the owner or surface lessee of the surrounded lands shall have the right to select the shortest route to the said surrounded lands, having due regard to selecting the route which will least damage such surrounding lands and which will cause the least inconvenience to the owner or surface lessee of the surrounding lands. The owner or surface lessee of such surrounded lands shall notify the owner or surface lessee of the surrounding lands in writing of the route that he proposes to use, and he shall be confined to such route."

Section 3 makes violation of any of the provisions of the article a misdemeanor punishable by a fine of not less than $10.00 nor more than $50.00. It provides for a second conviction a fine of not less than $200.00 nor more than $500.00 and for-

feiture of hunting and fishing licenses and the right to hunt and fish in Texas for two years and for a third conviction a fine of not less than $500.00 nor more than $1,000.00, and forfeiture of hunting and fishing licenses and the right to hunt and fish in Texas for three years. Section 7 provides that no prosecution may be maintained if there is a dispute as to the title to the land and the person charged files an affidavit that he believes he owns the land or an interest therein.

■ Appellant says said statute cannot support the judgment because it is unconstitutional. It contends that the quoted portion of Article 1377b, Vernon's Ann. P.C. is unconstitutional and cannot support the judgment because it violates Article 3, Section 40 of the Texas Constitution, Vernon's Ann.St., which provides that

"When the Legislature shall be convened in special session, there shall be no legislation upon subjects other than those designated in the proclamation of the Governor calling such session, or presented to them by the Governor * * *."

Appellant argues that the proclamation and other submission of subjects by the Governor for consideration by the Legislature at said special session contains no mention of the subject matter of said statute heretofore quoted, upon which appellee's judgment must be based. Appellant's contention as to the facts appears to be supported by the record. However, we think that our power to consider said facts and for that reason hold said portion of Article 1377b, Vernon's Ann. P.C. unconstitutional has been decided against appellant by the Supreme Court. In Jackson v. Walker, 121 Tex. 303, 49 S.W.2d 693, under a fact situation not distinguishable it was held that it was not necessary to decide whether the subject matter of a statute passed at a special session of the legislature was submitted by the Governor because the courts could not look to the proclamation, or other submission of subjects for consideration by the legislature to determine whether the statute violated the constitution because the subject matter of the statute was not submitted by the governor to the legislature for its consideration. In City of Houston v. Allred, 123 Tex. 334, 71 S.W.2d 251, 257, it was held, in an opinion adopted by the Supreme Court, that "It is now the settled law of this state that the courts will not go behind such a record to ascertain if the subject-matter of legislation enacted by a special session of the Legislature was in response to a subject designated by the Governor's proclamation calling the special session, or otherwise presented by him." See also Williams v. Taylor, 83 Tex. 667, 19 S.W. 156; Ellison v. Texas Liquor Control Board, Tex.Civ.App., 154 S.W.2d 322, 324, (Writ Ref.); Nueces County v. King, Tex.Civ.App., 350 S.W.2d 385, 387, (Writ Ref.). The applicable rule is stated in 39 Tex.Jur. 121, 122 as follows:

"In other words, according to the settled rule an act passed by the Legislature, signed by the proper officers of each house, approved by the Governor or passed notwithstanding his disapproval, and filed in the office of the Secretary of State, constitutes a conclusive record of the passage of the act as enrolled. As against this record, resort may not be had to a proclamation of the Governor, to the terms of the bill as originally introduced or amendments thereto, to the journal of the Legislature, nor to parol evidence, for the purpose of impeaching or invalidating the law."

We have considered appellant's contentions that said statute violates other articles of the state and federal constitutions. Appellant has cited no decision by our Supreme Court, and we have found none, which authorizes us to hold that said statute was enacted in violation thereof. See 12 Tex.Jur.2d 385. The statute supports the judgment. It is affirmed.