**Bobby Joe MANN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40781.**

Court of Criminal Appeals of Texas.

Nov. 15, 1967.

Clyde C. Bishop, John J. Watts, Odessa, for appellant.

Richard M. Price, Dist. Atty., Abilene, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is burglary with a prior conviction alleged for enhancement; the punishment under Article 62, Vernon's Ann. P.C., twelve years.

Sometime on the night in question, a pane of glass in the stationary portion of a rear window of a filling station was broken, the shattered glass was removed and piled on the ground beneath the window, and entry was gained thereby. Some $30.00 was taken from the filling station. Appellant's fingerprints were found on the glass which was piled below the broken window, and on that evidence the jury found appellant guilty.

Appellant's sole ground of error is his challenge as to the sufficiency of the evidence.

The owner of the filling station testified that the window was not broken prior to the night in question. The investigating police officers testified that appellant's fingerprints were found on the largest piece of glass recovered, and that the piece was pulled from the putty holding it in place and then placed on the ground. He further testified that the prints "were close to the edge of the glass. There was one print on one side of the glass and two fingerprints on the other side of the glass * * *."

"Q. (By District Attorney) All right. And were you able to determine which hand and which fingers were on the glass?

A. Yes, sir.

Q. All right. In your opinion, which were they?

A. In my opinion, one fingerprint was his (appellant's) right thumb.

Q. All right.

A. And the other two fingerprints were his right index finger and his right middle finger.

*　*　*　*　*　*

Q. Now, could you make fingerprints like that on the glass while it was in the window before it was broken out?

A. Do what now?

Q. Would it be possible to place your hand around that piece of glass while it was still intact?

A. Oh, yes; yes, sir.

Q. I mean, while it was still in the window?

A. In the window, yes, sir.

Q. You could do that?

A. Yes, sir, because the other portion of the window had been broken out.

Q. I mean without it being broken out?

A. Oh, no; no, sir.

Q. You couldn't? Part of the window would have to be broken out, would it not?

A. That's right for these fingerprints to be in the position they were in, yes, sir.

Q. All right, In other words, you couldn't walk up there with the window being intact and grasp it in the manner that would leave the fingerprints that you have described?

A. No, sir."

In Grice v. State, 142 Tex.Cr.R. 4, 151 S.W.2d 211, we said:

"(W)here the evidence * * * shows the fingerprint found at the scene of the crime was left there by the criminal at the time the crime was committed, thereby excluding the hypothesis that it might have been placed there innocently prior to or subsequent to the commission of the crime, and the evidence further shows that said print is identical with known prints of the accused, that such evidence satisfies the law and excludes every reasonable hypothesis save guilt of the accused."

See also Gonzales v. State, Tex.Cr.App., 399 S.W.2d 360, Briones v. State, Tex.Cr. App., 363 S.W.2d 466, and Bingle v. State, 144 Tex.Cr.R. 180, 161 S.W.2d 76. The testimony of Officer Eoff, who was quali-

fied as an expert in fingerprint identification, clearly establishes the connection between the presence of the fingerprints on the pieces of glass and the commission of the crime, and further identifies the fingerprints on the glass as those of the appellant. The test established in Grice v. State, supra, was met by the State.

Appellant relies on Caudillo v. State, 167 Tex.Cr.R. 147, 318 S.W.2d 891, and points attention to the fact that he was employed at a fruit stand near the station and had been in the portion of the station where the window was broken on frequent occasions. In Caudillo, the only evidence linking appellant to the crime was his fingerprints found on the screen of a window which had been raised to gain entry and commit the crime. The presence of appellant's prints was explainable in that appellant had previously helped paint the house in question. We said:

"[I]n order to warrant a conviction on circumstantial evidence, there must be proof, to a degree of certainty greater than a mere probability or strong suspicion, tending to establish that the party charged was the person who committed the offense or was a participant therein. * * *"

Here it is clear, as it was in Grice v. State, supra, that the prints must necessarily have been placed on the pane by the person who removed the same after the breaking.

The facts in the case at bar are more closely analogous to the facts in Grice, supra, in that the testimony of fingerprint experts established that the presence of the fingerprints of the appellants in both cases was inconsistent with the claim of appellants' innocence due to the particular location of those prints.

It is apparent by their verdict that the jury resolved the issue of alibi raised by appellant's testimony and that of his relatives and neighbors. Appellant admitted five prior convictions for filling station burglaries.

Finding the evidence sufficient to sustain the conviction, the judgment is affirmed.