Sam MALDONADO, Appellant,

v.

The STATE of Texas, Appellee.

No. 44250.

Court of Criminal Appeals of Texas.

Nov. 23, 1971.

Jack Beech, Fort Worth, (on appeal only), for appellant.

Frank Coffey, Dist. Atty., Wayne E. Roberts, Roger W. Crampton and John Garrett Hill, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for murder with malice. The jury assessed the punishment at 200 years.

The sufficiency of the evidence is not challenged.

The record reflects that on April 18, 1970, at about 8:00 p. m., appellant entered the Fabila Friendly Inn in Fort Worth ordered a beer, had a brief conversation with Tom Fabila, the deceased, and then fatally shot him with a pistol.

By a supplemental brief the appellant asserts errors which were not a part of the original appellant brief. None of the matters was raised or mentioned in the trial court, however, two of these contentions will be discussed in the interest of justice.

He contends that the act creating Criminal District Court No. 4 of Tarrant County and the judgment in the present case are void because the proclamation of the Governor of Texas calling the Second Called Session of the Sixty-First Legislature, when the act was passed, did not authorize the Legislature to create the court in question or any of the other courts in "The Judicial Districts Act of 1969," Senate Bill No. 22, Acts, 1969, 61st Tex.Leg., 2nd C.S., p. 150, Ch. 23, Subchapter C, Section 3.025, Article 1926–45, Vernon's Ann.Civ.St.

Appellant's counsel states that he could find no message from the Governor to the Legislature in either the House or the Senate Journals reflecting that the called session was authorized to enact the Judicial Districts Act of 1969. He contends that the provisions of the Texas Constitution were violated. Article 3, Section 40, Texas Constitution, Vernon's Ann.St., provides:

"When the Legislature shall be convened in special session, there shall be no legislation upon subjects other than those designated in the proclamation of the Governor calling such session, or presented to them by the Governor; and no such session shall be of longer duration than thirty days."

Article 4, Section 8, of the Texas Constitution provides:

"The Governor may, on extraordinary occasions, convene the Legislature at the seat of Government, or at a different place, in case that should be in possession of the public enemy or in case of the prevalence of disease thereat. His proclamation therefor shall state specifically the purpose for which the Legislature is convened."

Appellant states that the civil courts of Texas are committed to the proposition that they will not go behind the record approval of the act passed at a special session of the Legislature to ascertain that the subject matter was in response to the subject designated or presented by the Governor in accordance with Article 3, Section 40, of the Texas Constitution.

In this he is correct. One of the leading cases is City of Houston v. Allred, 123 Tex. 334, 71 S.W.2d 251 (Tex.Com. App.1934). This was followed in Waggoner Estate v. Gleghorn, 370 S.W.2d 786 (Tex. Civ.App.1963, rev. on other grounds, Estate of Waggoner v. Gleghorn, 378 S.W.

2d 47, Tex.Sup.Ct.1964). See 53 Tex.Jur. 2d, Statutes, Section 85, page 128, and 12 Tex.Jur.2d, Constitutional Law, Section 42, page 385.

He points out that the above rule has not been followed in criminal cases. In Hunt v. State, 22 Tex.App. 396, 3 S.W. 233 (1886), it was shown that the Journals of House and Senate failed to reflect that the presiding officer of each body over which he presided signed the bill in the presence of its membership in accordance with Article 3, Section 38, of the Texas Constitution. There the court looked behind the enrolled act in question to the journals and found that this constitutional provision had not been followed and held that the penal act had never become law.

In Brown v. State, 32 Tex.Cr.R. 119, 22 S.W. 596 (1893), the Court found that the provisions of Article 3, Section 40, and Article 4, Section 8, of the Texas Constitution had been complied with and upheld the legislation then in question under the proclamation by the Governor.

Long v. State, 58 Tex.Cr.R. 209, 127 S.W. 208 (1910), in an opinion by Judge Ramsey, noted that it may be shown that legislation passed at a special session of the Legislature was in violation of Article 3, Section 40, supra. He pointed out that some doubt on the correctness of that view was expressed in the Brown case, supra, but then went on to treat the subject as one for judicial review. See also Howard v. State, 77 Tex.Cr.R. 185, 178 S.W. 506 (1915), and Ex parte Fulton, 86 Tex.Cr.R. 149, 215 S.W. 331 (1919), where the Court considered and held that the proclamations of the Governor in calling a special session were sufficient to authorize the Legislature to enact the legislation in question. No recent case by the Court of Criminal Appeals has been decided.

There is no reason why the Court of Criminal Appeals and the Supreme Court of Texas, the two courts of last resort of our State, should have a different rule construing the constitutionality of statutes passed at special sessions of the Legislature.

To carry out our early rule to its logical conclusion, as urged by the appellant, the act creating Criminal District Court No. 4 of Tarrant County and other courts could be void and cases tried in these courts could be subject to attack. If the rule adopted by the Supreme Court were followed, the judges and other personnel of the courts created in the Judicial Districts Act of 1969 would be entitled to hold office, continue to act and to be paid.

The Supreme Court cases are more recent than ours and no doubt have been relied upon by the Legislature and by the Governor.

■ We will not look behind the engrossed bill to see if the Governor issued a proclamation including the subject matter of the enacted legislation.[1] All cases holding to the contrary are overruled.

The appellant also contends in his supplemental brief that he was tried by eleven jurors. The following is shown in the record:

"THE COURT: All right, ladies and gentlemen, as I call you——names, if you will, come through the door where Mr. Tarwater is and take your seat in the Jury Box.

John H. Welsh, Lester C. Gedeon, O. L. Brock, Hubert C. Crabb; John H. Crain, C. R. Crittenden, Thomas R. Terry, E. H. Abel, Jr.; Larry E. Thomas, Frank S. Burcie and Loyd R. Blake.

---

1. The holding does not infringe upon the right of the Governor in controlling matters passed by the Legislature in special session. He has the power of veto.

Such a session may last only thirty days and a veto would, for all practical purposes keep final control of such legislative matters with the Governor.

Gentlemen, if you will stand up and hold up your right hand. (WHEREUPON, the jury is sworn)

"THE COURT: All right, if you will, gentlemen, for just a few minutes retire to the Jury Room. It will be ten minutes probably."

This does not show that the appellant was tried by eleven jurors. As far as this record shows, Mr. Tarwater could have been a juror.

■ It is presumed that the court followed the statute, Article 36.29, Vernon's Ann.C.C.P., which provides for the convening of twelve jurors.

■ The statute provides for a verdict by eleven jurors if a juror dies or becomes disabled from sitting at any time after the jurors have been sworn and before the charge of the court is read to the jury. No mention was made about the number of jurors in the trial court by able trial counsel. The record as it appears before us does not show reversible error.

Appellant also contends the trial court committed reversible error by admitting into evidence a hearsay statement regarding an extraneous offense which occurred prior to the day of the homicide. On cross-examination by the prosecutor, Officer Jerry Bennett of the Fort Worth Police Department, a witness called by the appellant, testified:

"Mr. Fabila stated that Sam Maldonado had hit another subject over the head with what he called a vegetable hook."

Before this statement was admitted, counsel for the defense on direct examination of the same witness had elicited the following:

"Q. Without going into any of the facts of it, was there a Mr. Tom Fabila there on the scene?

"A. Yes, sir, there was.

"Q. Did you hear him make any statement in regard to Sam Maldonado?

"A. Yes, sir, I did.

"Q. What was that statement?

"A. He stated that if Sam Maldonado ever came around his bar again that he would kill him."

■ The testimony objected to on cross-examination was the remaining portion of this conversation which took place two or three weeks prior to the offense in question and was originally introduced by appellant. This was admissible under Article 38.24, V.A.C.C.P., which provides:

"When part of an act, declaration or conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other, * * *."

This rule has long been established in this State. In 1916 this Court stated:

"Appellant introduced some witnesses and had them testify to a part of a conversation they had with deceased shortly before the homicide, and therein of threats he had made against appellant. On cross-examination, the state asked the witnesses and had them testify to the balance of the conversation of the deceased at the time at which they claimed he made said threats. * * * In our opinion, it was clearly admissible * *." Sorrell v. State, 79 Tex.Cr.R. 437, 186 S.W. 336, 340–341.

The fact that the remainder of the conversation contained another offense does not alter the rule. Johnson v. State, 378 S.W.2d 76 (Tex.Cr.App.)

The record shows no error. The judgment is affirmed.