Sammy PHELPS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 59425.

Court of Criminal Appeals of Texas,
Panel No. 3.

Feb. 27, 1980.

Craig A. Washington, Larry Sauer, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Jack Bodiford and Ed Dodd, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, PHILLIPS and DALLY, JJ.

## OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for capital murder. The jury supplied a negative answer to the second punishment issue, and appellant was sentenced to life imprisonment.

In his first ground of error, appellant challenges the sufficiency of the evidence. The record reflects that the deceased and his wife were awakened at approximately three o'clock in the morning by an intruder in their bedroom. They saw a man crouching at the foot of their bed and started screaming. The intruder came at them with a knife, and the deceased struggled with the intruder. During the course of this struggle the deceased received a fatal stab wound to the chest. The intruder fled from the house, and subsequently a camera and a pair of binoculars were discovered missing.

Appellant's challenge to the sufficiency of the evidence focuses on the issue of identity. The deceased's wife was unable to identify appellant as the intruder. The only evidence linking appellant to the offense was two latent fingerprints found on the doorjamb of the bedroom closet. These two fingerprints were positively identified as identical to the fingerprints of appellant. The bedroom closet was located approximately six feet from where the deceased's wife saw the intruder crouching.

Appellant claims that the evidence is insufficient because it fails to show that his fingerprints were left on the night of the offense. He relies on this Court's frequent statement that "the fingerprints of an accused, which *necessarily must have been made at the time of the burglary*, are sufficient to sustain a burglary conviction without further evidence of identification." *Dues v. State*, 456 S.W.2d 116 (Tex.Cr.App. 1970); see also *Nelson v. State*, 505 S.W.2d

271 (Tex.Cr.App.1974); *Bowen v. State*, 460 S.W.2d 421 (Tex.Cr.App.1970); *Mann v. State*, 420 S.W.2d 614 (Tex.Cr.App.1967); *Roach v. State*, 398 S.W.2d 560 (Tex.Cr.App. 1966). Appellant points out that his fingerprints possibly could have been left prior to the offense, such as in the context of another burglary. He maintains that his fingerprints were not "necessarily" left on the night of the offense, and therefore the evidence is insufficient.

██ This Court's statement concerning the sufficiency of fingerprint evidence was never intended to alter the well-established standard for determining sufficiency that applies in circumstantial evidence cases. The State need not present evidence excluding every conceivable hypothesis except that of the defendant's guilt; it need only present evidence excluding every *reasonable* hypothesis. See *Nelson*, supra; *Dues*, supra; *Grice v. State*, 142 Tex.Cr.R. 4, 151 S.W.2d 211, 222 (1941). The mere possibility that a defendant's fingerprints may have been left at a time other than the time of the burglary does not necessarily render the evidence insufficient. This Court has found the evidence sufficient where highly unlikely possibilities could account for the presence of the defendant's fingerprints in a manner consistent with innocence. See, e. g., *Mann*, supra; *Gonzales v. State*, 399 S.W.2d 360 (Tex.Cr.App.1966).

██ One of the most important factors to be considered in evaluating the sufficiency of fingerprint evidence is the extent to which the fingerprinted object was accessible to the defendant. In *United States v. Cary*, 152 U.S.App.D.C. 321, 470 F.2d 469 (D.C.Cir.1972), the United States Court of Appeals for the District of Columbia Circuit stated as follows:

. .· . But whether evidence concerning fingerprints, standing alone, is sufficient to sustain a conviction will depend upon the facts and circumstances of each case. . . . The decision will often turn on the extent to which the fingerprinted object was accessible to the defendant. For instance, do the circumstances negate the possibility that the defendant may have touched the object at some other time? . . .

Our decisions likewise have recognized as a critical factor the defendant's access to the fingerprinted object. We have deemed the evidence insufficient where prior to the burglary the defendant and the fingerprinted object had been in close vicinity. See *Dues*, supra; *Caudillo v. State*, 167 Tex. Cr.R. 147, 318 S.W.2d 891 (Tex.Cr.App. 1958). We have reached the same conclusion where the fingerprinted object was accessible to the public. See *McGarry v. State*, 82 Tex.Cr.R. 597, 200 S.W. 527 (1918). We also have found the evidence insufficient where the fingerprinted object was inaccessible to an innocent person at the time of the burglary but easily could have been accessible to such a person prior to the offense. See *Bowen*, supra; *Weir v. State*, 139 Tex.Cr.R. 33, 138 S.W.2d 805 (1940).

██ In the present case the evidence shows that appellant's fingerprints were found on a doorjamb of the bedroom closet approximately six feet from where the intruder was seen crouching. The door through which the intruder entered the bedroom was located approximately three feet to the right of the doorjamb where appellant's fingerprints were found. The bedroom dresser from which the intruder took a camera was located approximately seven feet to the left of this doorjamb. The most direct route between the bedroom door and the bedroom dresser would have taken the intruder right by the bedroom closet. The deceased's wife testified that she had not given appellant permission to enter her home. There was no evidence that appellant had been on the premises prior to the offense, or that the premises previously had been burglarized. See *Nelson*, supra; *LeBlanc v. State*, 424 S.W.2d 434 (Tex.Cr.App.1968). These circumstances negate any reasonable probability that appellant left his fingerprints prior to the night of the offense. We hold that the evidence is sufficient to exclude every reasonable hypothesis except that of appellant's guilt and to warrant his conviction upon circumstantial evidence. Appellant's first ground of error is overruled.

██ In his second and third grounds of error, appellant contends that the trial court erred in admitting certain State's evidence and excluding certain defense evidence at the punishment phase of his capital murder trial. We do not reach the merits of these contentions because we conclude that any error at the penalty hearing in admitting or excluding evidence was harmless. For a defendant found guilty of capital murder, the punishment hearing can have only one of three possible outcomes: (1) a death sentence, (2) a sentence of life imprisonment, or (3) a hung jury. See Article 37.071, V.A.C.C.P. Since appellant received a sentence of life imprisonment, the errors he alleges are harmless. *Marini v. State*, 593 S.W.2d 709 (Tex.Cr.App.1980). Appellant's second and third grounds of error are overruled.

In his fourth ground of error, appellant contends that Article 37.071, V.A.C.C.P., had its genesis in a bill improperly passed through the Legislature and that consequently the trial court erred in applying this statute to him. Appellant claims that this statute was enacted in violation of Tex. Const. art. III, § 30 [1] and Joint Rule 28 in the *Texas Legislative Manual.*[2]

██ This Court long ago held that it would not look behind an enrolled bill to determine whether it was enacted in accordance with Tex.Const. art. III, § 30. *Parshall v. State*, 138 S.W. 759 (Tex.Cr.App. 1911); *Knox v. State*, 62 Tex.Cr.R. 512, 138 S.W. 787 (1911). A duly authenticated, approved, and enrolled statute is conclusive that the act was passed according to constitutional requirements. *Jackson v. Walker*, 121 Tex. 303, 49 S.W.2d 693 (1932); 53 Tex.Jur.2d, Statutes, Section 85, pp. 128–29.

We likewise decline to look behind a duly authenticated, approved, and enrolled statute to determine whether it was enacted according to Joint Rule 28 in the *Texas Legislative Manual.* Cf. *Maldonado v. State*, 473 S.W.2d 26 (Tex.Cr.App.1971); *Teem v. State*, 79 Tex.Cr.R. 285, 183 S.W. 1144 (1916). Appellant's fourth ground of error is overruled.

██ In his fifth ground of error, appellant contends that the trial court erred in not giving defense counsel the opportunity to rehabilitate two persons in the venire who were dismissed when they indicated that they had conscientious scruples against the infliction of the death penalty. Appellant suggests that the court's action resulted in a violation of *Witherspoon v. Illinois*, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). This contention is without merit because *Witherspoon* is inapplicable to a case where the jury votes for a sentence of life imprisonment and there is no evidence that the jury selection process produces a jury that is necessarily "prosecution prone." *Bumper v. North Carolina*, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968).

██ In his sixth ground of error, appellant contends that the trial court erred in not disqualifying the prosecutor because he systematically excluded Blacks from jury panels through the use of peremptory challenges. Appellant cites the following testimony by this prosecutor, who had been with the District Attorney's Office for 11 years:

Q Have you ever taken a black juror on a case where the defendant was black and the complainant was white?

A Why certainly. I'll give you a specific if you like.

---

**1.** Sec. 30. No law shall be passed, except by bill, and no bill shall be so amended in its passage through either House, as to change its original purpose.

**2.** 28. Conference committees shall limit their discussions and their actions solely to the matters in disagreement between the two Houses. A conference committee shall have no authority with respect to any bill or resolution:

    1. To change, alter, or amend text which is not in disagreement;

    2. To omit text which is not in disagreement;

    3. To add text on any matter which is not in disagreement;

    4. To add text on any matter which is not included in either the House or Senate version of the bill or resolution.

    This rule shall be strictly construed by the presiding officer in each House to achieve the purposes hereof.

Q Yes, I sure would.

A All right. I'll give you enough facts so that you can look it up.

Q I don't want everyone you ever tried, Mr. Bodiford.

\* \* \* \* \* \*

A (Continuing) I had a white legal secretary for Vinson, Elkins or Baker Botts, one of the large firms, and I had a black defendant and I put a black lady on that jury. Now, I don't remember the defendant's name or the victim's name, but you can look it up.

Q All right. Thank you, sir. Can you think of any others?

A Well, I can't think of any others where I had a black defendant and a white victim.

Appellant also complains that in the present case the prosecutor intentionally excluded all Blacks from the jury without any showing that they were unqualified.

This Court has held that the type of evidence presented here is insufficient to establish systematic exclusion. *Ridley v. State,* 475 S.W.2d 769 (Tex.Cr.App.1972); see *Duncantell v. State,* 563 S.W.2d 252 (Tex.Cr.App.1978); *Hill v. State,* 487 S.W.2d 64 (Tex.Cr.App.1972). Since there was no showing that the prosecutor acted impermissibly, the trial court did not err in refusing to disqualify him. Appellant's sixth ground of error is overruled.

The judgment is affirmed.

ROBERTS, J., not participating.