**Moses Christopher LAMB, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. C14–81–249–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

June 24, 1982.

Aaron E. Ray, Houston, for appellant.

Alvin Titus, David Mendoza, Houston, for appellee.

Before MILLER, ROBERTSON and JAMES, JJ.

MILLER, Justice.

Appellant was convicted by a jury of the offense of forgery. At the punishment phase of trial the jury found appellant had been previously convicted of a felony, and assessed punishment at seven (7) years confinement in the Texas Department of Corrections. Appellant perfected this appeal and now raises two grounds of error. We find no error in the judgment of the court below, and we affirm.

Appellant contends the court erred in entering judgment because there was insufficient circumstantial evidence to support the felony conviction. The rule in this state is that circumstantial evidence is sufficient to support a conviction if every other reasonable hypothesis can be excluded except the guilt of the accused. *Plunkett v. State,* 580 S.W.2d 815 (Tex.Cr.App.1979); *Easley v. State,* 564 S.W.2d 742 (Tex.Cr.App.1978); *Stogsdill v. State,* 552 S.W.2d 481 (Tex.Cr.App.1977). While each fact need not point directly and independently to the accused's guilt, the cumulative effect of all the incriminating facts must still exclude every *reasonable* hypothesis. *Phelps v. State,* 594 S.W.2d 434 (Tex.Cr.App.1980); *Plunkett, supra.*

The evidence produced at trial revealed that appellant was arrested for pass-

ing a forged instrument. The State's first witness was Cynthia Broyles, a drive-in teller at First National Bank of Bellaire, Texas. Ms. Broyles testified she was working on December 10, 1980, when she received two checks through the drive-in tubes, one drawn on the account of TNT Mobile Truck Repair and payable to Larry J. Lynch. This check was for deposit in Larry Lynch's account while the other check was to be cashed. Ms. Broyles testified she remembered that some TNT Mobile Truck Repair checks had been recently reported stolen, so she went to check the memorandum with that information. When she returned to her window she observed the car from which the checks had been presented was driving away. She made a note of the description of the car, that the driver was a black male, and she contacted the police.

Police Officer J.C. Clauson of the Bellaire Police Department testified he was sitting in his patrol car some two blocks from First National Bank of Bellaire when he received a radio dispatch with the description of the forgery suspect and the vehicle he was driving. As he was approaching the bank, he observed a car matching the description and driven by a lone black man pulling away from the drive-through lanes of the bank's parking lot. Officer Clauson turned on his emergency lights and siren but the car failed to stop. A chase ensued for approximately seven minutes until the fleeing car collided with a parked vehicle. Officer Clauson stopped his patrol car and arrested the driver of the car, who was identified as appellant. Officer Clauson did not observe any other occupants of the car, nor did he see anyone get out of the car during the chase.

Mark Quensel, the owner of TNT Mobile Truck Repair, testified that approximately 400 checks had been stolen from his company one month before the attempted forgery on December 10. Mr. Quensel testified the forged check presented at First National Bank of Bellaire was one of his stolen checks. He also stated he did not know appellant or Larry Lynch and that he did not authorize anyone to write checks on that particular account. Larry Lynch testi-

fied he also did not know appellant and that the signature on the back of the forged check was not his. Mr. Lynch testified he did not authorize anyone to endorse any checks for him or to use his bank account in any way. Finally, a handwriting expert testified the signatures on the backs of the two checks were in appellant's handwriting. It was also established the checks presented at trial were the same checks recovered from Ms. Broyles by the police.

Considering the above facts and adequacy of the circumstantial evidence charge to the jury, we believe there was sufficient evidence to support appellant's conviction. Regardless of appellant's claims of other possible scenarios, the cumulative effect of all the above facts excludes every other *reasonable* hypothesis except the guilt of appellant. *Phelps, supra; Plunkett, supra.* Appellant's evidentiary ground of error is overruled.

■■■ Appellant also argues the trial court committed reversible error by allowing into evidence a prior felony conviction for enhancement purposes, when the indictment in the prior conviction misspelled his first name. Appellant maintains the indictment in that prior conviction spelled his first name "Mosses" instead of "Moses," thereby rendering the contents of that conviction void for purposes of enhancement. The indictment for the prior conviction, however, does not appear in the record, so nothing is presented for review. Allegations of fact in appellant's brief cannot be accepted as true by this court without support in the record. *Ward v. State,* 591 S.W.2d 810 (Tex.Cr.App.1980). *Herrin v. State,* 525 S.W.2d 27 (Tex.Cr.App.1975); *Devereaux v. State,* 473 S.W.2d 525 (Tex.Cr.App.1971). This ground of error is overruled.

The judgment of the trial court is affirmed.