**Gregory Earl ANDERSON, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. C14–82–528CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 5, 1984.

Craig A. Washington, Houston, for appellant.

Donald W. Bankston, Richmond, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

## OPINION ON MOTION FOR REHEARING

SEARS, Justice.

Appellant was convicted of rape, was sentenced to twenty years' confinement and was assessed a $10,000.00 fine. The exclusive issue we have considered on Motion for Rehearing is whether the evidence is sufficient to uphold Appellant's conviction. We hold that it is and affirm the conviction.

Annie Krck, the eighty-one year old complainant, was relaxing in front of her television set on February 10, 1981, when she took off her glasses and closed her eyes. After some period of time, she opened her eyes and found a man standing before her. The only description of the man she could

give was that he had curly hair. She could not identify Appellant at trial. She asked the man how he got in and he replied "[t]hrough the window." After pleading with him and trying to pay him to leave, she followed his directions and went into her bedroom, got on the bed and removed her clothes. She testified that she was "scared to death" and obeyed his instructions because he said he would not hurt her if she obeyed. After he raped her, Ms. Krck cried all night and told her son what had happened when he came to visit her the next day. He immediately took her to see a doctor.

The only evidence introduced at trial which tended to connect Appellant to the rape was a single fingerprint of his which was found on an outside window pane in Krck's house. Appellant did not testify at trial. Appellant argues on appeal that the window was accessible to the general public, that the area on the pane where the fingerprint was found was accessible to the general public and that an innocent person could have touched the window prior to the offense.

Appellant then states as the pertinent standard of review that "[f]ingerprints alone may be sufficient to convict if the evidence shows that they must *necessarily have been made at the time of the [crime]*." *Bowen v. State*, 460 S.W.2d 421, 423 (Tex.Cr.App.1970) (emphasis in original). He concludes that the evidence is insufficient to convict him because "the circumstances, taken as a whole, do not negate the possibility" that he left his fingerprint at another time. We disagree.

The court of criminal appeals explained the standard of review in *Phelps v. State*, 594 S.W.2d 434 (Tex.Cr.App.1980). In *Phelps*, the defendant could not be identified, and the only evidence tending to connect him with the crime consisted of two fingerprints found on the door of the closet in the bedroom where the crime occurred. The court reiterated the *Bowen* standard and then explained that the standard "was never intended to alter the well-established standard for determining sufficiency that

applies in circumstantial evidence cases" and that "[t]he State ... need only present evidence excluding every *reasonable* hypothesis" except the defendant's guilt. *Id.* at 436 (emphasis in original). The court continued that "[t]he mere possibility that a defendant's fingerprints may have been left at [another] time ... does not necessarily render the evidence insufficient." *Id.*

The *Phelps* court focused on the general accessibility of the surface on which the fingerprint was found, the defendant's access to that surface and the fact that there was no evidence the defendant had been on the premises prior to the night of the crime. *Id.* We have carefully considered those factors in this case and find the evidence sufficient to affirm the conviction.

Krck testified that prior to the day she was raped, all the windows were covered by hooked screens. These screens diminished the general public's access to the windows. In particular, the screen covering the window on which Appellant's fingerprint was found was hooked the day before and the day she was raped. The screen was found to be bent and unhooked the day after she was raped, and it was the only screen in that condition. Her son testified that he had never seen the screens off unless the house was being painted and that it had not been painted recently. The police officer who lifted the fingerprint testified that it was found at a height of approximately 6'3" and that it was found in the upper left hand corner of the lower pane, the place where a person ordinarily would place his fingers to lift the window. Further, the window frame was "marked" where the window had been opened.

We find that although the outside of a window may be a place generally accessible to the public, a window covered by a screen is not. Further, Appellant could not have placed his fingerprint in that location had he not first removed the screen. Finally, we note that there was no evidence that Appellant had ever been on the premises before. There being no evidence of any other reasonable explanation for the finger-

**16**

print, we conclude that every reasonable hypothesis other than Appellant's guilt was excluded and he was properly convicted on the circumstantial evidence. We disagree with Appellant's arguments on Motion for Rehearing.

The conviction is affirmed.