lewis hawkins jr. 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-176-CR





LEWIS HAWKINS, JR.,




 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE 



 




FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT



NO. 38,986, HONORABLE STANTON B. PEMBERTON, JUDGE



 




 Appellant, Lewis Hawkins, Jr., was convicted of burglary
of a habitation. Tex. Pen. Code Ann. § 30.02 (1989). The jury
found the enhancement allegations to be true and assessed
punishment at thirty years' imprisonment. Appellant raises two
points of error complaining that the evidence was not sufficient 
and that he was denied the effective assistance of counsel at
trial. We will affirm the conviction.



THE OFFENSE


 In January 1990, a Killeen residence was burgled. The
police investigator concluded that the burglars entered the house
through the bathroom window. Evidence showed that six figurines,
usually placed on the window sill, were found on the ground outside
the bathroom window and muddy footprints were found inside the
bathroom. The police found Hawkins' palm print on the inside
window sill of the bathroom window. They also found the
fingerprints of Kerwin Blue, Hawkins' companion on the night of the
burglary, in the bathroom. 

 The circumstantial evidence on which Hawkins' conviction
rests consists of:  (1) expert testimony identifying Hawkins' palm
print and Blue's fingerprints and footprints at the residence;
(2) testimony that Hawkins' car was parked behind the residence at
the time of the burglary; and (3) testimony that Blue and Hawkins
were seen together near the burgled residence on the night of the
burglary. 



SUFFICIENCY OF THE EVIDENCE


 Hawkins complains that the evidence was insufficient to
establish that he left the palm print at the residence on the night
of the burglary. He argues that the evidence did not exclude the
reasonable hypothesis that he had, at some earlier time, been
inside the residence and left his palm print on the painted window
sill. 

 When reviewing the sufficiency of the evidence, be it
direct or circumstantial, we must consider the evidence in the
light most favorable to the verdict and limit our review to
determining whether any rational trier of fact could have found,
from the evidence presented, the elements of the charge beyond a
reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319
(1979); Butler v. State, 769 S.W.2d 234, 239 (Tex. Cr. App. 1989). 
We cannot sustain a conviction based on circumstantial evidence if
the circumstances do not exclude every other reasonable hypothesis
except that of the defendant's guilt. Goff v. State, 777 S.W.2d 
418, 420 (Tex. Cr. App. 1989). The State need not present evidence
excluding every conceivable hypothesis except that of the
defendant's guilt; it must only exclude every reasonable
hypothesis. Phelps v. State, 594 S.W.2d 434, 436 (Tex. Cr. App.
1980). "A hypothesis is reasonable only if it is consistent with
the facts and circumstances proved." G.K.G. v. State, 730 S.W.2d
182, 184 (Tex. App. 1987, no pet.).

 The mere "possibility" that a defendant's prints may have
been left at a time other than the time of the burglary does not
necessarily render the evidence insufficient to support a
conviction. The evidence will still be sufficient to support the
conviction when only highly unlikely possibilities could account
for the innocent presence of the defendant's fingerprints. Phelps,
594 S.W.2d at 436. 

 Hawkins called several witnesses who testified that he
had worked for them cleaning houses under construction or repair in
the neighborhood of the burgled residence. The first witness owned
a business subcontracting cleaning crews to several home-builders. 
This witness employed Hawkins until 1988. He believed that Hawkins
continued to work with builders during 1988 but did not know if
Hawkins was doing this same work in 1989. Moreover, he could not
recall if his crews had worked on the residence in question. The
owners of the burgled residence custom built the house and moved
into it in June 1989. The first witness' testimony did not suggest
a reasonable possibility that Hawkins had been inside the house
before the burglary.

 The second witness, a roofer, testified that as a member
of his crews, Hawkins worked on new homes when the interior was
under construction, well before the interior trim was in place or
painted. This testimony presents no reasonable hypothesis that
Hawkins left fingerprints on a painted surface in the burgled house
in the course of his employment with the roofer.

 The third witness, a construction contractor, testified
that as a member of his cleaning crews, Hawkins conducted final
"wipe-downs" of new residences after the completion of the interior
painting. This witness testified unequivocally, however, that his
construction company had never worked on the burgled residence. 
This testimony also presents no reasonable hypothesis that Hawkins
had been inside the residence prior to the burglary.

 The likelihood that the defendant had access to the
fingerprinted surface is a critical factor in determining the
sufficiency of fingerprint evidence. Phelps, 594 S.W.2d at 436. 
The homeowners did not know Hawkins and had never given him
permission to enter their home. Although Hawkins had cleaned
houses in the neighborhood, there was no evidence that Hawkins ever
cleaned the burgled residence. Based on the evidence, Hawkins'
presence at the residence before the burglary was so unlikely that
it does not represent a reasonable hypothesis inconsistent with the
jury's guilty verdict. We conclude that under the circumstances of
this case the palm print was sufficient evidence to support the
conviction.

 Even if the palm print alone were insufficient to place
Hawkins at the residence during the burglary, other evidence also
links him to the scene. The car he was driving was parked at the
vacant house behind the burgled residence around the time of the
theft. That same evening witnesses saw Hawkins with Blue, an
individual who left positively identified fingerprints and
footprints at the residence. We conclude that a rational trier of
fact could have found Hawkins guilty beyond a reasonable doubt. We
overrule the first point of error.



INEFFECTIVE ASSISTANCE OF COUNSEL


 In his second point of error, Hawkins complains that he
was denied the effective assistance of counsel because his attorney
did not object to, or move to suppress, the identification
testimony given by Kenneth Gray, a witness for the state. 

 Kenneth Gray lived next door to the vacant house behind
the burgled residence. He testified that on the night of the
burglary, he saw two men outside the vacant house. One man was
standing in front of a white station wagon parked near the vacant
house. The station wagon was running and the headlights were on. 
The man repeatedly looked from side to side. A second man came out
from behind the vacant house carrying a large box which he placed
in the back seat of the station wagon. Gray asked his wife to call
the police and then stepped outside to continue watching the two
men. The two men checked under the hood of the car, then got
inside and drove away. Gray testified that the man who carried the
box sat in the passenger seat and nodded to him as they departed. 
At trial Gray identified Hawkins as this man.

 On the day after the theft, the police investigator
showed Gray two photos, one of Hawkins and one of Blue, and asked
Gray if he could identify either as one of the two men he had seen
at the vacant house. On cross-examination the investigator
testified that Gray identified Hawkins as the man standing in front
of the car, who then got into the driver's seat. This conflicted
with Gray's testimony that Hawkins was the passenger. 

 After the investigator testified, Gray took the stand
again. He testified that when he looked at the photos he
identified Hawkins as one of the men standing in front of the car
when the two men lifted the hood. He maintained that Hawkins was
the man who carried the box and sat in the passenger seat. Gray
also testified that the investigator never asked him who was
driving the car.

 Hawkins contends on appeal that the identification was
tainted by an impermissible "photographic spread" which gave rise
to a substantial likelihood of irreparable misidentification. 
Additionally, he points out that Gray's testimony is the only
evidence, other than the palm print, placing Hawkins near the
burgled residence. Hawkins argues that because Gray's trial
testimony was inconsistent with the investigator's testimony
relating Gray's statement as to who was driving the car, and
because the photo array was impermissibly suggestive, trial
counsel's failure to object to or to move to suppress Gray's
identification was an omission so substantial as to render
counsel's assistance ineffective. 

 The right to effective assistance of counsel merely
ensures the right to reasonably effective assistance. Ex Parte
Duffy, 607 S.W.2d 507, 516 (Tex. Cr. App. 1980). This is not a
promise of errorless counsel whose competency is judged by
hindsight. Ingham v. State, 679 S.W.2d 503, 509 (Tex. Cr. App.
1984). We must be highly deferential in scrutinizing counsel's
performance to eliminate the distorting effects of hindsight. 
Strickland v. Washington, 466 U.S. 668, 689 (1984). 

 The Court of Criminal Appeals has adopted the test set
forth in Strickland to determine the validity of an ineffective
assistance claim. Holland v. State, 761 S.W.2d 307, 314 (Tex. Cr.
App. 1988), cert. denied, 489 U.S. 1091 (1989); Hernandez v. State,
726 S.W.2d 53, 57 (Tex. Cr. App. 1986). A convicted defendant must
show, first, that trial counsel's performance was deficient in such
a manner as to render it not reasonably effective, and second, that
the deficient performance so prejudiced the defense that the
defendant was deprived of a fair trial. Holland, 761 S.W.2d at
314. This court must determine whether, in light of all the
circumstances, the attorney's omission was outside the wide range
of professionally competent assistance. Id.

 Although the photo-spread consisting of only the
defendant's and his companion's pictures is highly suggestive, we
must examine the totality of the circumstances to determine if the
photo-spread gave rise to a substantial likelihood of irreparable
misidentification. Madden v. State, 799 S.W.2d 683, 695 (Tex. Cr.
App. 1990) cert. denied, 111 S. Ct. 1042 (1991). If the
circumstances reveal no substantial likelihood of
misidentification, then the testimony will be deemed reliable and,
therefore, admissible. Id.

 To assess the reliability of the identification under the
totality of the circumstances we weigh five factors against the
corrupting effect of the suggestive identification procedure: 
(1) the witness' opportunity to view the criminal at the time of
the crime; (2) the witness' degree of attention; (3) the accuracy
of the witness' prior description of the criminal; (4) the level of
certainty demonstrated at the trial confrontation; and (5) the time
between the crime and the confrontation. Id.

 Six months after the incident, Gray testified at trial
that he had watched Hawkins and his companion for about ten minutes
on the night of the burglary, from eight-thirty to eight-forty p.m. 
Although he saw the two men at night, there was a street light in
front of his house and floodlights surrounding it casting ample
light on the scene. He gave a detailed explanation about where the
two men stood and what they did during the time the car was parked
near the vacant house. He did not describe Hawkins except to say
that he had a darker complexion than the other man at the scene. 
At trial Gray unequivocally identified Hawkins as the man carrying
the box. He also stated that the two men drove a white station
wagon and he identified the first four figures of the license plate
as 499J. 

 Before Gray took the stand, a woman testified that around
eight-twenty that same evening she saw two black men get into a
white station wagon with brown wood siding which was parked in a
church parking lot a few blocks from the burgled residence. She
identified Hawkins as the driver and testified that the license
plate number was 499JEB. 

 After weighing the factors and considering the
corroborating testimony of the witness at the church, we conclude
that the totality of the circumstances reveals no substantial
likelihood of misidentification. Because Gray's testimony was
reliable, we conclude counsel did not perform deficiently by
failing to object to, or to move to suppress, admissible
identification testimony. We note that counsel extensively cross-examined Gray and the investigator about the inconsistency in their
testimony. In her closing argument she discussed the inconsistency
and the fact that the investigator only showed Gray two photos to
identify Hawkins. We conclude that counsel's performance was
reasonably effective, and therefore we need not consider the second
part of the Strickland test, whether counsel's alleged error could
have effected the result. We overrule Hawkins' second point of
error. 

 Accordingly, we affirm the conviction.



 

 Bea Ann Smith, Justice


[Before Chief Justice Carroll, Justices Jones and B.A. Smith]

Affirmed

Filed: August 14, 1991

[Do Not Publish]