

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00238-CR

Ricardo **PEDRAZA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2012CRR107-D1
Honorable Jose A. Lopez, Judge Presiding

Opinion by:　Karen Angelini, Justice

Sitting:　　Catherine Stone, Chief Justice
　　　　　Karen Angelini, Justice
　　　　　Rebeca C. Martinez, Justice

Delivered and Filed:　December 31, 2014

AFFIRMED

Ricardo Pedraza was convicted by a jury of one count of aggravated robbery. On appeal, Pedraza raises two issues: (1) the evidence is insufficient to support the verdict; and (2) the evidence is insufficient to identify him as the perpetrator. We affirm the trial court's judgment.

### BACKGROUND

On November 7, 2010, Manual Robinson and his wife, Josielyn Herrera, stopped by Robinson's mother's house. While Robinson ran inside, Herrera waited in the truck that was still running. Shortly after Robinson went inside the house, a man, later identified as Pedraza, entered

the truck, pointed a gun at Herrera, and demanded all of her money, jewelry, and credit cards. Pedraza told Herrera not to look at his face, so she did not. When Pedraza saw her debit card, he drove away with her in the truck to the nearest ATM so she could withdraw money from her account. Herrera withdrew two hundred dollars and handed it to Pedraza. After driving a little further, Pedraza abandoned the truck and fled into a nearby drainage creek.

Several hours later, Pedraza was arrested after the vehicle he was riding in was stopped for a routine traffic violation. The officer recognized Pedraza as a suspect in the robbery from earlier that evening. After securing Pedraza, the officer found a little over two hundred dollars in his front pocket and a ring that was later identified as Herrera's in the cup holder of the vehicle. Pedraza was indicted for one count of aggravated robbery to which he pled not guilty. A jury found him guilty and assessed punishment of confinement for forty-five years with a fine in the amount of $10,000. Pedraza appeals.

## SUFFICIENCY OF THE EVIDENCE

A.     Standard of Review

"Evidence is legally sufficient when, viewed in a light most favorable to the verdict, a rational jury could have found the essential elements of the offense beyond a reasonable doubt." *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The jury is the exclusive judge of the facts proved, the credibility of the witnesses, and the weight to be given to the testimony. TEX. CODE CRIM. PROC. ANN. art. 38.04 (West 2013); *Dorsey v. State*; 24 S.W.3d 921, 924 (Tex. App.—Beaumont 2000, pet. ref'd). The jury has "exclusive providence" to resolve conflicts in the evidence, and "believe or disbelieve all or any part of a witness's testimony, even though the witness's testimony has been contradicted." *Dorsey*, 24 S.W.3d at 924.

B.      Discussion

In order to obtain a conviction for aggravated robbery, the State was required to prove that (1) Pedraza unlawfully appropriated Herrera's property with the intent to deprive her of it; (2) Pedraza intended to obtain or maintain control of the property; (3) Pedraza intentionally or knowingly threatened or placed Herrera in fear of imminent bodily injury or death; and (4) Pedraza used or exhibited a deadly weapon. *See* TEX. PENAL CODE ANN. §§ 29.02, 29.03, 31.03 (West 2013). Pedraza's challenge to the sufficiency of the evidence focuses only on the issue of identity.

At trial, Jose Luis Tijeros testified that he had a confrontation with Pedraza shortly before the robbery occurred and that he watched Pedraza get into Robinson's truck and drive away. Tijeros identified Pedraza in a photographic lineup the next day, but Tijeros could not identify Pedraza in court. Tijeros's failure to make an in-court identification, however, is merely a factor for the jury to consider in assessing the weight and credibility of Tijeros's testimony. *See Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). Accordingly, Tijeros's prior identification of Pedraza as the perpetrator of the offense is sufficient to support Pedraza's conviction because a conviction may be based on the testimony of only one eyewitness. *See Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971).

In addition to Tijeros's testimony, the State also presented fingerprint evidence establishing that Pedraza had been present in the truck. Although other testimony revealed the possibility that the fingerprint evidence was left in the truck earlier in the day, the possibility that Pedraza's fingerprint may have been "left at a time other than the time of the burglary does not necessarily render the evidence insufficient." *Phelps v. State*, 594 S.W.2d 434, 436 (Tex. Crim. App. 1980).

Finally, the State presented evidence that when Pedraza was arrested several hours later, he was in possession of a ring that was later identified as belonging to Herrera and two hundred dollars, which was the amount that Herrera had withdrawn from her account. Herrera's testimony

about the ring was somewhat contradictory in that she could not remember whether the ring was pawned before or after the incident. After much equivocating, Herrera eventually testified the ring was pawned before the incident. It was within the jury's province to assess Herrera's credibility and demeanor as she testified and to resolve any conflicts in her testimony. *See Merritt v. State*, 368 S.W.3d 516, 527 (Tex. Crim. App. 2012); *Dorsey*, 24 S.W.3d at 924. Even if the jury discounted the evidence regarding the ring, it could have believed Pedraza was the perpetrator because he was in possession of the same amount of cash that Herrera had withdrawn from her account.

## CONCLUSION

Having viewed the evidence in the light most favorable to the verdict, a rational jury could have found Pedraza guilty of the offense beyond a reasonable doubt; therefore, the evidence is sufficient to support Pedraza's conviction. *See Williams*, 937 S.W.2d at 482. We affirm the trial court's judgment.

Karen Angelini, Justice

DO NOT PUBLISH