Bertrand CEASER, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 09–81–004 CR.

Court of Appeals of Texas, Beaumont.

Oct. 21, 1981.

---

Harold J. Laine, Jr., Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

KEITH, Justice.

Appellant was convicted of the offense of robbery and the court assessed his punishment at confinement for ten years. There is no challenge to the sufficiency of the evidence and only a question of law is presented by the single ground of error.

The trial court conducted a pretrial hearing in accordance with *Art. 28.01, V.A.C. C.P.*, and it is undisputed that appellant did not prior to such hearing file a motion electing to have the jury fix his punishment in the event he was convicted of the crime. However, before selection of the jury or the pleading to the indictment, appellant did file a motion electing to have the jury assess his punishment in the event it found him guilty. See *Art. 37.07, § 2(b)(2), V.A.C. C.P.* The motion was denied, the Court noting on the face thereof: "Not timely filed." After a pre-sentence report had been filed, the Court assessed the punishment at confinement for ten years and the appeal has been timely perfected with one ground of error:

"The Court erred in denying Appellant's Motion Electing Jury to Assess Punishment."

Both parties agree that the constitutional right of trial by jury does not encompass the right to have the jury assess the punishment. *Bullard v. State*, 548 S.W.2d 13, 16 (Tex.Cr.App.1977).

At the pretrial hearing under *Art. 28.01, Sec. 1(2)*, the trial court is required to "determine" the "Pleadings of the defendant." The defendant's pleadings are those set out in *Art. 27.02, V.A.C.C.P.*, and *(7)* thereof labels as a pleading "[a]n election, if any, to have the jury assess the punishment if he is found guilty."

On the other hand, as contended by appellant, he was permitted to file his election in writing "at the time he enters his plea in open court." *Art. 37.07, § 2(b)(2), V.A.C. C.P.* Principal reliance is upon language found in *Toney v. State*, 586 S.W.2d 856, 858 (Tex.Cr.App.1979), where the court was passing upon a complaint that it was error to permit the State to interrogate the jury panel on punishment. In *Toney*, the court did not mention an *Art. 28.01* pretrial hearing, but, in disposing of the contention then before it, said:

"The election must be made at the time the defendant enters his plea in open court. This has been interpreted to mean at the time the defendant makes his plea to the indictment before the jury . . . . In appellant's case, the alleged error occurred during voir dire of the jury panel, clearly well before any plea to the indictment by appellant. Therefore, appellant still had the election available and could choose to exercise it."

Unquestionably, *Toney v. State*, supra, was decided correctly under the plain language of *Art. 37.07, § 2(b), V.A.C.C.P.*, when there was no pretrial hearing.

Appellant argues that this Court should find that "the combined provisions of Article 27.02(7) and Article 28.01, Section 1(2), C.C.P., are in conflict with the provisions of Article 37.07, Section 2(b)(2), C.C.P.," and contends that the provisions of the latter statute are controlling. No authority is submitted in support of the latter contention.

■ The duty of this Court is to harmonize all of the statutory provisions and give full effect to each if such is possible under the established rules of statutory construction. See *Cuellar v. State*, 521 S.W.2d 277, 279 (Tex.Cr.App.1975), citing 53 Tex.Jur.2d, Statutes, Sections 119 through 204. In *Section 186, 53 Tex.Jur.2d, at 280 (1964)*, it is written:

"It is a settled rule of statutory interpretation that statutes that deal with the same general subject, have the same gen-

eral purpose, or relate to the same person or thing or class of persons or things, are considered as being in pari materia though they contain no reference to one another, and though they were passed at different times or at different sessions of the legislature."

See also, the general rule set out in *73 Am.Jur.2d, Statutes § 186, at 386 (1974)*. The provisions of Section 3.01, Code Construction Act, *Tex.Rev.Civ.Stat.Ann. art. 5429b–2 (Supp.1980–1981)*, creates a presumption that the entire statute was intended to be effective and that a just and reasonable result was intended. The Code Construction Act is applicable to the Code of Criminal Procedure. *Barbee v. State*, 432 S.W.2d 78, 82 (Tex.Cr.App.1968).

We can give effect to each of the several statutes by the simple expedient of confining the effect of *Art. 37.07, § 2(b)(2)*, to cases in which there has been no pretrial hearing. This holding would then be consistent with *Toney v. State*, supra, as we read the published opinion.

If, on the other hand, a pretrial hearing is held, the defendant would be required to file his pleadings—his *pleadings* including his election to have the jury assess his punishment (under *Art. 27.02(7)*)—within the time prescribed by *Art. 28.01, § 1(2)*.

With such a construction, there is no conflict between the several statutes, and each is fully operative depending only upon whether or not a pretrial hearing is conducted.

We find no merit to appellant's contention and now overrule his ground of error and affirm the judgment of the trial court.