Kenneth POSTELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–82–00622–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 1, 1983.

Rehearing Denied Dec. 22, 1983.

Michael Charleton, Houston, for appellant.

Eleanor Montague, Houston, for appellee.

Before EVANS, C.J., and BASS and DUGGAN, JJ.

## OPINION

EVANS, Chief Justice.

A jury convicted the appellant of burglary of a habitation with intent to commit theft. The appellant elected to have the trial court assess punishment, and the court, finding that the appellant had one prior conviction for the same offense, assessed punishment at life imprisonment.

The appellant challenges the sufficiency of the evidence to support his conviction, contending that the State failed to establish by competent proof that he was the perpetrator of the offense.

The complainant's home was burglarized on January 2, 1982. In the course of the offense, the owner of the home, an 82-year-old woman, was sexually abused and then strangled to death. Several items of jewelry were taken from the premises. The intruder entered through a bathroom window, located five to six feet off the ground, apparently by standing on a lawn chair placed under the window. The top pane of glass had been shattered, and a brick, containing slivers of glass, was found at the base of the chair. Appellant's palm print was found on the broken window pane, and several fingerprints were found on fragments of glass, inside and outside the house.

The appellant was arrested several weeks later when the police matched the prints taken from the house with a set of his prints on file. At the time of his arrest, the police obtained samplings of appellant's head and pubic hairs, and those hairs were subsequently examined by an expert. In the expert's opinion, the pubic hairs taken from the appellant's body were extremely similar, and in one instance, "microscopically identical," to the pubic hairs found on and around the body of the deceased.

The expert testified that from the results of the hair analysis, he could tell the species, race, sex, and part of the body from which the hair was taken. Based upon his analysis of the pubic hairs taken from the appellant's body, he could say that the person was a black male and that the hairs were taken from the pubic region of the body. He could not verify with any degree of certainty that the hairs found on the victim were those taken from the appellant, but he did state that in all the vast number of comparisons he had done, he had never found a case where two completely "microscopically identical" hairs came from different people.

The appellant attacks the admissibility of the expert's testimony, arguing that the seizure of his pubic hair constituted an unlawful invasion of his constitutional rights under the Fourth, Fifth and Sixth Amendments of the United States Constitution. He also contends that his written consent to the taking of such hair samples was not a voluntary act.

It has been held that the taking of hair samples involves such a minor intrusion upon the body that the seizure is not unreasonable, even if no consent is given. *Patterson v. State,* 598 S.W.2d 265 (Tex.Cr. App.1980); *see also, Brent v. White,* 398 F.2d 503 (5th Cir.1968). Further, in the present case, the appellant gave his written consent to the taking of samples of his pubic hairs for the purpose of examination.

Although appellant refused to make a statement to the police, in the absence of counsel, he does not contend that he ever withdrew his written consent to the taking and use of his pubic hair for such purposes. *See Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). We hold that the expert's testimony was admissible and deny appellant's fourth ground of error.

The appellant further contends that the State failed to prove that he committed the offense because the evidence did not establish whether his fingerprints were on the inside or the outside of the glass pane. He argues that if the prints were on the outside of the window, the pane was readily accessible, allowing for the hypothesis that the prints could have been placed there at some prior time. In support of his argument, he cites *Phelps v. State,* 594 S.W.2d 434 (Tex.Cr.App.1980), wherein it is stated that one of the most important facts to be considered in evaluating the sufficiency of fingerprint evidence is the "extent to which the fingerprinted object was accessible to the defendant." *Id.* at p. 436.

We recognize the test laid down in *Phelps* as being controlling here. However, the court in that case further stated:

> This Court's statement concerning the sufficiency of fingerprint evidence was never intended to alter the well-established standard for determining sufficiency that applies in circumstantial evidence cases. The State need not present evidence excluding every conceivable hypothesis except that of the defendant's guilt; it need only present evidence excluding every *reasonable* hypothesis. See *Nelson* [*v. State,* 505 S.W.2d 271 (Tex.Cr. App.1974)], *supra; Dues* [*v. State,* 456 S.W.2d 116 (Tex.Cr.App.1970)], *supra, Grice v. State,* 142 Tex.Cr.R. 4, 151 S.W.2d 211, 222 (1941). The mere possibility that a defendant's fingerprints may have been left at a time other than the time of the burglary does not necessarily render the evidence insufficient. This Court has found the evidence sufficient where highly unlikely possibilities could

account for the presence of the defendant's fingerprints in a manner consistent with innocence. See, *e.g., Mann* [*v. State,* 420 S.W.2d 614 (Tex.Cr.App.1967)], *supra; Gonzales v. State,* 399 S.W.2d 360 (Tex.Cr.App.1966).

In the case at bar, appellant's conviction rests solely upon circumstantial evidence, and in order to sustain the conviction, the evidence offered must exclude every other reasonable hypothesis except that of the appellant's guilt. *Hankins v. State,* 646 S.W.2d 191 (Tex.Crim.App.1983). The State offered tangible evidence that circumstantially tied the appellant to the offense: (1) the pubic hairs found on or near the victim that were "microscopically identical" to the samples taken from the defendant; and (2) the fingerprints taken from the broken pieces of glass, which were identified as belonging to the appellant.

A piece of broken glass containing appellant's fingerprints was found in the bathtub *inside* the home of the victim, and the jury could reasonably infer from such evidence that the intruder had knocked the glass from the window in order to gain entry to the house. Furthermore, the glass pane was some seven to eight feet off the ground, and had been protected by a *locked* screen which had been kept in good repair. Although there was no testimony that the screen was intact on the day of the offense, the circumstantial evidence strongly indicated that to be the case. To support this conclusion the State introduced evidence showing that the victim had been an extremely meticulous person, and that she had employed a maid, a yardman, and a general handyman to insure the proper upkeep of her home. None of those people had been told of or had noticed any damage to the screen or window on the days immediately preceding the offense.

We hold that the evidence presented by the State was sufficient to meet the State's burden of proof. We accordingly deny the appellant's fifth ground of error.

Appellant further contends that the trial court erred in requiring him to file an election on punishment at the time of a pretrial

hearing and prior to his voir dire of the jury panel.

Tex.Crim.Proc.Code Ann. art. 37.02 provides in pertinent part:

Except as provided in article 37.01 (capital cases) if a finding of guilty is returned, it shall be the responsibility of the judge to assess the punishment applicable to the offense, provided however ... (2) in other cases where the defendant so elects in writing at the time he enters his plea in open court, the punishment shall be assessed by the jury.

■ As a general rule, an accused must make the election provided by art. 37.01 at or prior to the time he enters his plea to the indictment before the jury. *Toney v. State,* 586 S.W.2d 856 (Tex.Cr.App.1979). However, it has been held that when the court holds a pretrial hearing in accordance with Tex.Crim.Proc.Code Ann. art. 28.01 (Vernon 1974), the defendant may be required to file all pleadings and motions, including his election to have the jury assess punishment, at the pretrial hearing. *Ceaser v. State,* 624 S.W.2d 669 (Tex.App.—Beaumont 1981, no writ).

■ Although the record does not indicate that the appellant was given the required statutory notice of the pretrial hearing, as set forth in art. 28.01, both appellant and his counsel participated in pretrial determination, and appellant does not contend that he was harmed or prejudiced by the court's failure to give him the specified notice. Moreover, the appellant never filed an election to have the jury assess his punishment, and instead he elected to have the court assess punishment. On appeal he has made no showing of how he was harmed or prejudiced by having to elect, at the pretrial hearing, whether he wished the jury or the judge to assess his punishment. We overrule the appellant's first ground of error.

The appellant further contends that the court erred in limiting the voir dire examination of his defense counsel.

The following exchanges occurred between his defense counsel and members of the venire panel:

(Defense Counsel): Are you likely to attach a great deal of credibility to scientific testimony?

A Juror: Really. Yes, I guess.

(Defense Counsel): Well, if you heard scientific evidence, are you likely to give it more credibility than you would a lay person?

(State's Attorney): I would like to object to that, Judge. I think he's asking for a conclusion.

The Court: Sustained.

After further questioning, counsel for appellant resumed the same line of questioning:

(Defense Counsel): How many of you would treat—I got confused myself. Those of you on the front row, are you likely to consider fingerprint evidence direct evidence of guilt?

(State's Attorney): Excuse me, your honor. Again, I would ask that the court sustain my objection to that. Counsel is asking for conclusions and for a commitment from each juror. The court will instruct each juror as to how they should weigh the evidence and I don't think it's proper for him to be asking the jurors for a commitment ahead of time.

(The Court): Sustained.

■ As a general rule, great latitude is permitted defense counsel in questioning a venire in order to enable counsel to make intelligent use of his peremptory challenges. *Smith v. State,* 513 S.W.2d 823 (Tex.Cr.App. 1974). However, the trial court has the right to limit the questioning for various reasons, and its determination is subject to review only for an abuse of discretion. *Id.* at 826.

■ The trial court may refuse to permit questions to jurors asking them to commit themselves as to how they would pass on the credibility of various witnesses or evidence. *Smith v. State, supra; See also, Hughes v. State,* 562 S.W.2d 857 (Tex. Cr.App.1978), *cert. denied,* 439 U.S. 903, 99 S.Ct. 268, 58 L.Ed.2d 250 (1978). The questions asked by the appellant's counsel call

for the venire persons to commit themselves in advance of trial on how they would pass upon the credibility of witnesses and the evidence. The record does not reflect that the trial court abused its discretion in sustaining the State's objections to such questions. We overrule appellant's second and third grounds of error.

The trial court's judgment is affirmed.

BASS, Justice, dissenting.

In appellant's first ground of error he contends the trial court erred in requiring him to file his election on punishment prior to voir dire of the jury panel.

Although criminal defendants have no constitutional right to have the jury assess punishment, such a right has been afforded an accused under article 37.07 of the Texas Code of Criminal Procedure. *Tinney v. State,* 578 S.W.2d 137 (Tex.Cr.App.1979). Article 37.07(b) states:

> Except as provided in article 37.071 [capital cases] if a finding of guilty is returned, it shall be the responsibility of the judge to assess the punishment applicable to the offense; provided, however, that ... (2) in other cases where the defendant so elects in writing at the time he enters his plea in open court, the punishment shall be assessed by the same jury.

The phrase "at the time he enters his plea in open court" has been interpreted to mean at the time the defendant makes his plea to the indictment before the jury. *Toney v. State,* 586 S.W.2d 856 (Tex.Cr.App.1979). Therefore, it is the general rule that a defendant has up until that time to make his election as to whom he wishes to assess punishment. This court has recognized the foregoing rule in *Pace v. State,* 630 S.W.2d 765 (Tex.App.—Houston [1st Dist.] 1982, no pet.).

An exception to this rule was recently articulated in *Ceaser v. State,* 624 S.W.2d 669 (Tex.App.—Beaumont, 1981, no pet.), in which the Beaumont Court sustained the trial court's requirement that a defendant file all of his pleadings, including his election to have the jury assess punishment,

during a pre-trial hearing conducted in accordance with article 28.01 Tex.Code Crim. Pro. (Vernon 1974). Although I question the logic of requiring the filing of an election at a pre-trial hearing, the purpose of which is the judicial determination of contested issues, I need not address the rationale behind that decision here. In the case at bar, the court heard numerous motions prior to trial. However, this hearing did not meet the formal requirements set forth in article 28.01, and as such was not a formal pre-trial hearing. The relevant portions of that provision state:

> Section 1. The court may set any criminal case for a pre-trial hearing before it is set for trial upon its merits, and direct the defendant and his attorney, if any of record, and the State's attorney, to appear before the court at the time and place stated in the court's order for a conference and hearing. The defendant must be present at the arraignment, and his presence is required during any pre-trial proceeding. The pre-trial hearing shall be to determine any of the following matters:
>
> (2) Pleadings of the defendant:
>
> Section 2. When a criminal case is set for such pre-trial hearing, any such preliminary matters not raised or filed seven days before the hearing will not thereafter be allowed to be raised or filed, except by permission of the court for good cause shown; *provided that the defendant shall have sufficient notice of such hearing to allow him not less than 10 days in which to raise or file such preliminary matters.* The record made at such pre-trial hearing, the rulings of the court and the exceptions and objections thereto shall become a part of the trial record of the case upon its merits. (emphasis added)

The record does not show that the defendant was given the required notice. In fact, there is no evidence that the defendant was given any notice whatsoever that a formal pre-trial hearing would be held, and that he would be required to file all of his motions, including his election, at that time. Therefore, this cause does not fall within the

*Ceaser* exception and should be controlled by the mandate of Article 37.07(2)(b), *supra.*

The reason for the rule and the pronouncement by the Court of Criminal Appeals in *Toney, supra,* is to afford the defendant in a criminal case the opportunity to see, examine and strike the jurors prior to having to make an election as to whether the jury or the judge shall assess punishment. This is a valuable right for a defendant in all criminal causes and should not be curtailed by court decisions which place unwarranted restrictions and/or limitations thereupon.

I am personally convinced that the right to a jury trial is one of the most important rights that are available to a defendant in criminal law jurisprudence.

I am further convinced that Section 15 of Article 1, the Bill of Rights of the Texas Constitution, has set forth this right in explicit terms. *"The right of trial by jury shall remain inviolate. The legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency..."* (emphasis added). Pursuant to this provision of the Texas Constitution, the State legislature enacted and passed Article 37.07 and Article 28.01 of the Texas Code of Criminal Procedure, to fully afford a defendant the right of trial by jury and the right to have his punishment assessed by a jury if the defendant so elects.

In the cause at bar, the appellant was not afforded this right to see, examine and strike the jurors, before he was required, by the judge's order, to elect who would assess punishment. I feel that the judge prematurely compelled the defendant to file his election and thereby denied him his right to make an informed, intelligent election.

The appellant's first ground of error should be sustained and the cause reversed and remanded for a new trial.

I concur with the majority's holding on the remaining issues before the court.