**Andrew EDWARDS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–93–00103–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 11, 1994.

Rehearing Denied Aug. 31, 1994.

Hazel R. Bolden, Houston, for appellant.

John B. Holmes, Jr., Timothy G. Taft, and Denise Nassar, Dist. Attorney's Office, Harris County, for appellee.

Before O'CONNOR, DUGGAN and HEDGES, JJ.

## OPINION

O'CONNOR, Justice.

A jury convicted Andrew McKiel Edwards, Jr., the appellant, of murdering Joseph Julian, and of attempting to murder George Verdun. It then assessed his punishment at 47–years confinement for murder and 20–years confinement for attempted murder. We reverse and remand for trial.

### Voir dire regarding appellant's family

■ In point of error one, the appellant asserts that the trial court erred in sustaining the State's objection to the defense counsel's questioning the prospective jurors about whether they knew any members of the appellant's family.

After the State had completed its voir dire, the following exchange took place:

Defense counsel: Judge, the defendant's family did not come into the courtroom during the State's voir dire. There are four of them here. Is there any place they can sit so they can hear the trial?

The court: In the back jury box.

The State: Judge, I don't think that it would be relevant for the defense counsel to introduce the family members, and I'd ask for an oral motion in limine.

Defense counsel: May I not stand up and have them ask if they know them?

The State: If they know the defendant's family, and then introduce them to the jury?

The court: No.

Defense counsel: Note my exception.

Defense counsel: May I have just a moment to tell them, Judge?

The court: Yes.

The appellant had the right to make intelligent use of his peremptory strikes. *Smith v. State*, 703 S.W.2d 641, 643 (Tex.Crim.App. 1985). Proper voir dire not only assists the parties in exercising their peremptory strikes, it also assists them in making challenges for cause. Some grounds for strike for cause can only be determined after full voir dire. For example, a person may not serve on a jury panel if the person is a witness in the case, has a direct or indirect interest in the case, is related by consanguinity or affinity within the third degree to a party in the case, or has a bias or prejudice in favor of or against a party in the case. Tex. Gov't Code § 62.105 (Vernon Supp. 1994). In this case, the trial court's ruling prohibited the appellant from inquiring if anyone on the panel knew his family, and denied him possible challenges for cause, as well as the intelligent use of his peremptory challenges.

Texas courts have long recognized the necessity of free and broad questioning on voir dire. *See McGowen v. State*, 163 Tex.Crim. 587, 290 S.W.2d 521, 524 (App.1956); *Postell v. State*, 663 S.W.2d 552, 555 (Tex.App.— Houston [1st Dist.] 1983), *aff'd*, 693 S.W.2d 462 (1985). Any other approach would eviscerate that right. The appellant should have been given the opportunity to ask the prospective jurors if they knew members of his family, and to probe for any bias or prejudice they might harbor based on any acquaintance. We find that the trial court erred in sustaining the State's objection.

■ The error in denying a proper voir dire question automatically establishes harm, and is not subject to a harm analysis. *Nunfio v. State*, 808 S.W.2d 482, 485 (Tex.Crim. App.1991); *Stringfellow v. State*, 859 S.W.2d 451, 452 (Tex.App.—Houston [1st Dist.] 1993, pet.ref'd).

We sustain point of error one.

### Voir dire regarding juror's views

■ In point of error two, the appellant contends the trial court erred in sustaining the State's objection to the defense questions to prospective jurors regarding how they would view the testimony of a witness who had lied.

The objection and ruling took place in the following exchange:

Defense counsel: [A]re you open to the possibility that somebody, because they're scared or are, for whatever reason you can imagine, because they don't want the police to know that they were selling drugs, or because of any reason in your imagination, is not totally honest with the police

when they first came up, they had, at a later time tried to cooperate with the police, tried to tell them what happened? *Is there anyone who's going to automatically—going to find someone on the witness stand automatically not be a truth teller because they did not tell the truth on the event that the crime occurred? Are you automatically predisposed to not believe the person on the witness stand, because of that fact alone?* First row?

Juror: I'm going to have a hard time believing—you're asking me individually? That's a whole lot to swallow. I'm trying to relate to the story about the policewoman was missing and they questioned the husband and he said no, and then later on he said he did. I'm trying to relate to that. I don't think I could believe everything he was saying because that moment he was lying to prove that he was innocent.

Defense counsel: Are you automatically predisposed to disbelieve someone on the witness stand, because they lied to the police, originally?

The State: That's my objection. The defense counsel is attempting to commit the jury to that specific set of facts.

The court: Sustained.

Defense counsel: Could you all consider— let me ask it this way: Could you all consider the possibility of someone who originally lied to the police may nonetheless be telling the truth on the witness stand?

The State: Same objection.

The court: Sustained.

(Emphasis added.)

 The objective of voir dire examination is to assemble a competent, fair, impartial, and unprejudiced jury to decide the facts of the case. *Yanez v. State,* 677 S.W.2d 62, 65 (Tex.Crim.App.1984). To that end, the defense must be given great latitude in questioning veniremembers. *Faulder v. State,* 745 S.W.2d 327, 334 (Tex.Crim.App.1987); *Postell,* 663 S.W.2d at 555. The decision about the propriety of a particular question, however, is left to the trial court's discretion, and only abuse of that discretion will call for reversal on appeal. *Clark v. State,* 608 S.W.2d 667, 670 (Tex.Crim.App.1980); *Postell,* 663 S.W.2d at 555. The trial court abuses its discretion when a proper question about a proper area of inquiry is prohibited. *Clark,* 608 S.W.2d at 670.

In *Hernandez v. State,* 508 S.W.2d 853, 854 (Tex.Crim.App.1974), the Court of Criminal Appeals held that the trial court committed reversible error by refusing to allow defense counsel to ask the venire, "Is there any member of the panel who, regardless of what the evidence showed in any case, could not believe that a police officer was telling a willful falsehood from the witness stand?" The appellant asserts that, like the question in *Hernandez,* the question his trial counsel sought to ask here was also a permissible inquiry into whether a potential juror would automatically be predisposed toward one view on witness credibility, based on knowing just one thing about that witness. We agree.

A question asking, "Are you automatically predisposed to disbelieve the testimony of a witness shown to have lied previously?" constitutes an inquiry about any automatic predisposition veniremembers might have harbored, based on knowing just one thing about the witness. Defense counsel asked a version of that question in the exchange set forth above.

There is no bright line distinction between a proper general inquiry on voir dire into potential sources of juror bias and a question that improperly seeks to commit a prospective juror to a position concerning a specific set of facts. Each case must turn on its own facts. Because it was error to refuse to permit the question in *Hernandez,* we hold it was error to refuse to permit the question here.

A question is considered proper if it seeks to discover a juror's views on an issue applicable to the case. *Maddux v. State,* 862 S.W.2d 590, 593 (Tex.Crim.App.1993); *Nunfio,* 808 S.W.2d at 484–85 (citing *Hernandez*); *Stringfellow,* 859 S.W.2d at 452.

We sustain point of error two.

Because of our disposition of points one and two, we find it is not necessary to reach points three, four, and five.

We reverse the judgment, and remand the cause for trial.