

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

March 21, 1995

Bruce A. Levy, M.D., J.D.
Executive Director
Texas State Board of Medical Examiners
P.O. Box 149134
Austin, Texas 78714-9134

Opinion No. DM-336

Re: Whether the Texas State Board of Acupuncture Examiners may promulgate a rule authorizing acupuncturists to hold themselves out as "doctor," "Oriental Medical Doctor," or "O.M.D." and related questions (RQ-748)

Dear Dr. Levy:

You ask whether the Texas State Board of Acupuncture Examiners (the "board") may promulgate a rule authorizing acupuncturists to hold themselves out as "doctor," "Oriental Medical Doctor," or "O.M.D."[1] Conversely, you ask whether the board may, by rule, limit acupuncturists' use of such designations. Finally, you ask if, regardless of whether the board promulgates rules approving or limiting the titles an acupuncturist may use, an acupuncturist may denominate himself or herself as a "doctor," "Oriental Medical Doctor," or "O.M.D."

Your questions first require that we examine subchapter F of the Medical Practice Act, V.T.C.S. art. 4495b. The legislature added subchapter F to the Medical Practice Act in 1993, see Act of May 30, 1993, 73d Leg., ch. 862, § 37, 1993 Tex. Sess. Law Serv. 3377, 3403-06, to provide "an orderly system of regulating the practice of acupuncture."[2] V.T.C.S. art. 4495b, § 6.01(2). Subchapter F creates the board, see id. § 6.04(a), and provides it with certain powers and duties, see id. § 6.05. Specifically, "[s]ubject to the advice and approval of the" Texas State Board of Medical Examiners, the board is required to, among other things, "establish qualifications for an acupuncturist to practice

---

[1]We understand "O.M.D." to be an abbreviation for the term "Oriental Medical Doctor."

[2]For the purposes of subchapter F, "acupuncture" means:

    (A) the insertion of an acupuncture needle and the application of moxibustion to specific areas of the human body as a primary mode of therapy to treat and mitigate a human condition; and

    (B) the administration of thermal or electrical treatments or the recommendation of dietary guidelines, energy flow exercise, or dietary or herbal supplements in conjunction with the treatment described by Paragraph (A) of this subdivision.

V.T.C.S. art. 4495b, § 6.02(1).

in this state," "establish minimum educational and training requirements necessary for the acupuncture board to recommend that the medical board issue a license to practice acupuncture," and "recommend additional rules as are necessary for the administration and enforcement of this subchapter." *Id.* § 6.05(a)(1), (2), (9). The statute explicitly withholds from the board the power to make rules independently. *See id.* § 6.05(b).

Subchapter F further prohibits any individual from practicing acupuncture in the state unless the individual has obtained a license from the Texas State Board of Medical Examiners.[3] *Id.* § 6.06. Under section 6.11(a)(7), the Texas State Board of Medical Examiners may deny an application for a license or, after notice and hearing, suspend, probate, or revoke a license if the applicant or licensee holds himself or herself out "as a physician or surgeon or any combination or derivative of [these] terms" unless the Texas State Board of Medical Examiners has licensed the individual as a physician[4] or surgeon.

An administrative agency may promulgate rules when a statute expressly authorizes it to do so or when implied authority is necessary to accomplish the purpose of the statute. Attorney General Opinion JM-1279 (1990) at 1 (citing *Gerst v. Oak Cliff Sav. & Loan Ass'n*, 432 S.W.2d 702 (Tex. 1968); *Gulf Land Co. v. Atlantic Refining Co.*, 131 S.W.2d 73 (Tex. 1939)). An agency may not, however, adopt rules that are unreasonable or that exceed the powers delegated to the agency. *Id.* (citing *Gerst*, 432 S.W.2d 702; *Railroad Comm'n v. Sterling Oil & Refining Co.*, 218 S.W.2d 415 (Tex. 1949)). Moreover, an agency may not adopt rules that are contrary to law, even though the matter is within the agency's general regulatory field. *See State v. Jackson*, 376 S.W.2d 341, 344-45 (Tex. 1964). Although article 4495b, subchapter F expressly precludes the board from promulgating rules, we believe its power to recommend rules is limited in accordance with these principles.

Article 4495b, section 6.05(9) provides the board with broad authority to recommend to the Texas State Board of Medical Examiners such rules "as are necessary for the administration and enforcement of" subchapter F. We believe this authority is broad enough to permit the board to recommend to the Texas State Board of Medical Examiners rules authorizing acupuncturists to use certain titles. *But cf.* Letter Opinion 94-14 (1994) at 2 (cautioning that Polygraph Examiners Act, V.T.C.S. article 4413(29cc), "does not appear to permit licensed polygraph examiners to refer to themselves as 'licensed psychophysiologists'"). Conversely, we believe the board may recommend a rule

---

[3]Under subchapter F, the board does not issue licenses. Rather, the board makes recommendations on completed applications for a license to practice acupuncture to the Texas State Board of Medical Examiners, which may issue such licenses. *Id.* §§ 6.05(a)(6), 6.10(a).

[4]Section 6.02(7) defines "physician" as "a licensee of the Texas State Board of Medical Examiners."

limiting acupuncturists' use of such titles.[5]  *Cf.* Attorney General Opinion JM-1279 (1990) at 3 (concluding that V.T.C.S. article 4512b, section 4(d) authorizes Texas Board of Chiropractic Examiners to use title "chiropractic physician").  Of course, the board may not recommend a rule authorizing an acupuncturist to use the title "physician" or "surgeon" or a combination or derivative of those terms.  *See* V.T.C.S. art. 4495b, § 6.11(a)(7).  Furthermore, the board may not recommend a rule that is contrary to other law.  Likewise, regardless of whether the board promulgates rules approving or limiting the titles an acupuncturist may use, an acupuncturist may not select a designation that contravenes article 4459b, section 6.11(a)(7) or any other law.  You ask that we particularly consider the impact of V.T.C.S. article 4512p, section 4(b)(9) and the Healing Art Identification Act, V.T.C.S. article 4590e.

Enacted in 1993, V.T.C.S. article 4512p creates the Health Professions Council for the purpose of coordinating the administrative and regulatory efforts of various medical boards in the state, including the Texas Optometry Board, the State Board of Veterinary Medical Examiners, and the Texas State Board of Medical Examiners.[6]  V.T.C.S. art. 4512p, § 1(a), (b); *see* Act of May 26, 1993, 73d Leg., ch. 669, art. 1, 1993 Tex. Sess. Law Serv. 2485, 2485-88.  Article 4512p, section 4(a) declares unlawful and subject to action by the appropriate health licensing agency as a ground for revocation or denial of a license "[a]dvertising that is false, misleading, or deceptive or that is not readily subject to verification."  Among the acts subsection (b) of that section lists as constituting false, misleading, or deceptive advertising or advertising that is not readily subject to verification is "advertising that . . . advertises or represents in the use of a professional name a title or professional identification that is expressly or commonly reserved to or used by another profession or professional."  *Id.* § 4(b)(9).

---

[5]We understand, for example, that the board recently has promulgated a rule adopting the title "Licensed Acupuncturist" or "L.Ac."

[6]The attorney representing the Texas Acupuncture Association comments in his brief that article 4512p, V.T.C.S., fails to define the term "health professions" and suggests that, therefore, acupuncturists are not within the scope of article 4512p.  We disagree.  The Health Professions Council is composed of representatives of each of 14 different bodies:  the Texas Board of Chiropractic Examiners; the State Board of Dental Examiners; the Texas Optometry Board; the State Board of Pharmacy; the Texas State Board of Podiatry Examiners; the State Board of Veterinary Medical Examiners; the Texas State Board of Medical Examiners; the Board of Nurse Examiners; the Texas State Board of Examiners of Psychologists; the Board of Vocational Nurse Examiners; the entity that regulates the practice of physical therapy; the entity that regulates the practice of occupational therapy; the health licensing division of the Department of Public Health; and the governor's office.  V.T.C.S. art. 4512p, § 1(b).  In our opinion, article 4512p, V.T.C.S., applies to all individuals licensed and regulated by the first 13 of the above-listed agencies.  *See id.* §§ 3(a) (requiring Health Professions Council to establish training program for "the members of the boards and commissions" listed), 4(a) (authorizing "appropriate health licensing agency" to sanction individuals who engage in false, misleading, or deceptive advertising).  The Board of Medicine licenses and regulates acupuncturists.  *See* V.T.C.S. art. 4495b, §§ 6.05(9), .06.  Consequently, acupuncturists are within the scope of article 4512p.

The Healing Art Identification Act, V.T.C.S. art. 4590e, provides certain titles that an individual licensed to practice the healing art[7] must use.  V.T.C.S. art. 4590e, §§ 3-4.

### Healing art identifications

Sec. 3. Every person licensed to practice the healing art heretofore or hereafter by either the Texas State Board of Medical Examiners, the State Board of Dental Examiners, the Texas Board of Chiropractic Examiners, the Texas State Board of Examiners in Optometry, the State Board of Chiropody Examiners and the State Board of Naturopathic Examiners shall in the professional use of his name on any sign, pamphlet, stationery, letterhead, signature, or on any other such means of professional identification, written or printed, designate in the manner set forth in this Act the system of the healing art which he is by his license permitted to practice.  The following are the legally required identifications, one of which must be used by practitioners of the healing art:

(1) If licensed by the Texas State Board of Medical Examiners on the basis of the degree Doctor of Medicine:  physician and/or surgeon, M.D.; doctor, M.D.; doctor of medicine, M.D.

. . . .

### Other persons using title "doctor"

Sec. 4. Any person not otherwise covered by the provisions of this Act, and not given herein a means of identification shall, in using the title "doctor" as a trade or professional asset, or on any sign, pamphlet, stationery, letterhead, signature, or any other manner of professional identification, designate under what authority such title is used, or what college or honorary degree gave rise to its use, in the same manner as practitioners of the healing arts are required under the Act to identify themselves.

An individual who fails to comply with the manner of identification specified in the Healing Art Identification Act is guilty of a misdemeanor and subject to punishment.  *Id.* § 6.

We understand you implicitly to ask whether, by calling oneself "doctor," "Oriental Medical Doctor," or "O.M.D.," an acupuncturist is subject to civil penalty under article 4512p, section 6.  In our opinion, we must analyze the use of the title "doctor"

---

[7]Article 4590e, section 2 defines "the healing art" to include "any system, treatment, operation, diagnosis, prescription or practice for the ascertainment, cure, relief, palliation, adjustment or correction of any human disease, ailment, deformity, injury or unhealth or abnormal physical or mental condition." We assume for purposes of this opinion that an acupuncturist is a practitioner of the healing art.

separately from the use of the titles "Oriental Medical Doctor" and "O.M.D." because the Healing Art Identification Act explicitly discusses a healing art practitioner's use of the title "doctor," while no statute similarly discusses the other two proposed titles. In regard to the use of the title "doctor," you suggest an inconsistency between article 4512p and the Healing Art Identification Act. Pursuant to the Healing Art Identification Act, an individual licensed to practice the healing art whom the Healing Art Identification Act does not give a specific title may use the title "doctor" if the individual designates "under what authority such title is used, or what college or honorary degree gave rise to its use . . . ."[8] On the other hand, you indicate that an acupuncturist's use of the title "doctor" might be perceived as false, misleading, or deceptive advertising under article 4512p, section 4(b)(9) and thus subject to civil penalty under article 4512p, section 6.

Coincidentally, one of the witnesses who testified before the Senate Committee on Health and Human Services about the bill that, now enacted, is codified as article 4512p, V.T.C.S., spoke about a similar inconsistency involving what is now article 4512p, section 4(b)(9). Hearings on S.B. 674 Before the Senate Comm. on Health & Human Servs., 73d Leg. (Apr. 30, 1993) (tape available from Senate Staff Services) (testimony of Des Taylor, counsel for Texas Chiropractic Association). The witness referred to Attorney General Opinion JM-1279, in which this office construed section 3 of the Healing Art Identification Act to permit licensees of the Texas Board of Chiropractic Examiners to use the title "chiropractic physician," so long as the licensee also employed one of the terms listed in the Healing Art Identification Act. Id.; see also Attorney General Opinion JM-1279 (1990) at 6. The witness suggested that a chiropractor who uses the term "chiropractic physician" may be subject to prosecution for false, misleading, or deceptive advertising under the proposed section 4(b)(9) of article 4512p.[9] Hearings on S.B. 674 Before the Senate Comm. on Health & Human Servs., supra. The legislature did not substantively amend the proposed section 4(b)(9) subsequent to the witness's testimony.

We do not believe, however, that a practitioner of the healing art who uses the title "doctor" in accordance with the Healing Art Identification Act may be guilty of false, misleading, or deceptive advertising under article 4512p, section 4. Established rules of statutory construction constrain us to construe statutes harmoniously if it is possible. See Postell v. State, 693 S.W.2d 462, 464 (Tex. Crim. App. 1985) (quoting Ceaser v. State,

---

[8]Thus, an acupuncturist may use the title "doctor" only if he or she is authorized to use the title or has received a college or honorary degree bestowing upon the individual the right to use the title.

[9]We note that the district court of Travis County recently declared invalid a rule the Texas Board of Chiropractic Examiners promulgated, see Texas Board of Chiropractic Examiners, 19 Tex. Reg. 2603, adopted 19 Tex. Reg. 4951 (1994) (to be codified as 22 T.A.C. § 80.2(a)(5), (6)), on the grounds that, as a matter of law, the Board of Chiropractic Examiners exceeded its authority in passing the rule. Chiropractic Soc'y v. Texas Bd. of Chiropractic Examiners, No. 94-08315 (Dist. Ct. of Travis County, 200th Judicial Dist of Texas, Dec. 13, 1994). The rule authorized a licensee of the Board of Chiropractic Examiners to use the titles chiropractor, doctor of chiropractic, D.C., doctor, D.C., chiropractic physician, or any derivative of the first four titles. Texas Board of Chiropractic Examiners, 19 Tex. Reg. 2603, adopted 19 Tex. Reg. 4951 (1994).

624 S.W.2d 669 (Tex. App.–Beaumont 1981, no writ)); 2B NORMAN J. SINGER, STATUTES AND STATUTORY CONSTRUCTION § 53.01, at 229-30 (5th ed. 1992).

We believe we can construe article 4512p, section 4(b)(9) harmoniously with section 4 of the Healing Art Identification Act. Article 4512p, section 4(b)(9) does not proscribe the use of a title that the Healing Art Identification Act explicitly authorizes a practitioner to use. Rather, we construe article 4512p, section 4(b)(9) as similar to article 4566-1.10(19), V.T.C.S., which pertains to applicants for and individuals who hold a license to fit and dispense hearing instruments. Article 4566-1.10(19) authorizes the State Committee of Examiners in the Fitting and Dispensing of Hearing Instruments to deny or revoke such a license if the applicant or licensee has used the terms

> "doctor," "audiologist," "clinic," "clinical audiologist," "state licensed," "state certified," "licensed hearing instrument dispenser," "board certified hearing instrument specialist," "hearing instrument specialist," "certified hearing aid audiologist" or any other term, abbreviation, or symbol [so as to] falsely give[] the impression that:
>
> (A) a service is being provided by a person who is licensed or has been awarded a degree or title; or
>
> (B) the person providing a service has been recommended by a governmental agency or health provider[.]

Accordingly, we interpret article 4512p, section 4(b)(9) to prohibit an individual from referring to him- or herself with a title indicating licensure when the individual is not in fact licensed. For example, under article 4512p, section 4(b)(9), an individual may not refer to him- or herself as an "M.D.," *see Maceluch v. Wysong*, 680 F.2d 1062 (5th Cir. 1982); a person not licensed by the State Board of Dental Examiners may not advertise him- or herself as a dentist; and an athletic trainer not licensed by the State Board of Podiatry Examiners may not advertise him- or herself as a podiatrist. Similarly, article 4512p, section 4(b)(9) pertains to an individual who refers to him- or herself with a title that suggests the individual has been awarded a degree or title that he or she does not, in fact, have.[10]

Section 4(b)(9) also expressly forbids the use of a title or professional identification "that is *expressly or commonly reserved* to or used by another profession." (Emphasis added.) Section 4 of the Healing Art Identification Act expressly reserves to any practitioner of the healing art use of the title "doctor," so long as the practitioner designates the authority by which he or she uses the title or the college or honorary degree that gave rise to use of the title. We conclude that an acupuncturist may use the title

---

[10]We do not wish to suggest that article 4512p, section 4(b)(9) might not apply in situations other than the two we have listed here. We conclude only that section 4(b)(9) does not apply in a situation in which a practitioner of the healing art has used the title "doctor" consistent with the Healing Art Identification Act.

"doctor," so long as the acupuncturist uses the title in accordance with section 4 of the Healing Art Identification Act. We do not believe, however, that the board may recommend to the Texas State Board of Medical Examiners a rule regarding an acupuncturist's use of the title "doctor" under the Healing Art Identification Act; such a rule would not be "necessary for the administration and enforcement of" subchapter F of the Medical Practice Act. *See* V.T.C.S. art. 4495b, § 6.05(a)(9).

We next consider whether the board may recommend to the Texas State Board of Medical Examiners a rule concerning the use of the titles "Oriental Medical Doctor" and "O.M.D." In conjunction with this issue, we consider whether an acupuncturist may, regardless of whether the board promulgates rules approving or limiting the titles an acupuncturist may use, refer to him- or herself as an "Oriental Medical Doctor" or "O.M.D." You suggest that the use of these titles might mislead or tend to deceive the public because of the terms' similarity to the titles "medical doctor" and "M.D.," which licensees of the Texas Board of Medical Examiners use pursuant to section 3(1) of the Healing Art Identification Act. You believe that the use of these terms might, therefore, violate section 4(b)(9) of article 4512p, V.T.C.S.

As we have indicated, *see supra* page 4, article 4512p, section 4(b)(9) prohibits only the use of a professional title that is "expressly or commonly reserved to or used by" members of another profession. We are unaware of any other profession whose members are expressly or commonly entitled to use the titles "Oriental Medical Doctor" or "O.M.D." We think it more likely that an acupuncturist who uses the titles "Oriental Medical Doctor" or "O.M.D." violates subsection (b)(5) of article 4512p, section 4, which prohibits the use of advertising that "causes confusion or misunderstanding as to the credentials, education, or licensure of a health care professional." However, whether the use of such titles is, in fact, a violation of article 4512p, section 4 is a question involving the determination of fact issues and therefore is not amenable to the opinion process. *E.g.*, Attorney General Opinions DM-98 (1992) at 3; H-56 (1973) at 3; M-187 (1968) at 3; O-2911 (1940) at 2. Of course, we find nothing that prohibits the board from recommending to the Texas Board of Medical Examiners a rule limiting acupuncturists' use of the titles "Oriental Medical Doctor" and "O.M.D."

## S U M M A R Y

Subchapter F of the Medical Practice Act, V.T.C.S. art. 4495b, authorizes the Texas State Board of Acupuncture Examiners to recommend to the Texas State Board of Medical Examiners rules authorizing acupuncturists to use certain titles. Conversely, the board may recommend a rule limiting acupuncturists' use of such titles. Of course, pursuant to section 6.11(a)(7) of the Medical Practice Act, the Texas State Board of Acupuncture Examiners may not recommend to the Texas State Board of Medical Examiners a rule authorizing an acupuncturist to use the title "physician" or "surgeon" or a combination or derivative of those terms, nor may the

board recommend a rule that is contrary to other law. Likewise, if, regardless of whether the board promulgates rules approving or limiting the titles an acupuncturist may use, an acupuncturist may not select a designation that contravenes article 4459b, section 6.11(a)(7) or any other law.

A healing art practitioner's proper use of the title "doctor" under section 4 of the Healing Art Identification Act, V.T.C.S. article 4590e, does not constitute a violation of V.T.C.S. article 4512p, section 4. An acupuncturist may use the title "doctor" in accordance with section 4 of the Healing Art Identification Act. However, the board may not recommend to the Texas State Board of Medical Examiners a rule regarding an acupuncturist's use of the title "doctor."

Whether an acupuncturist's use of the titles "Oriental Medical Doctor" and "O.M.D." would mislead or tend to deceive the public so as to violate article 4512p, section 4, for example, section 4(b)(5), is a question involving the determination of fact issues. The board may, of course, recommend to the Texas Board of Medical Examiners a rule limiting acupuncturists' use of the titles "Oriental Medical Doctor" and "O.M.D."

Yours very truly,

**DAN MORALES**
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General